[Crim. No. 157.   Third Appellate District.—August 1, 1911.]

## THE PEOPLE, Respondent, v. STEVE CURRIE, Appellant.

CRIMINAL LAW—INFORMATION FOR RAPE—COMPLAINT SWORN TO BY DISTRICT ATTORNEY.—An information for rape committed by the defendant by sexual intercourse with a female under the age of sixteen years is not affected by the fact that the complaint was sworn to by the district attorney. The statute does not disqualify him from swearing to the complaint before the magistrate, nor does it prescribe who shall make oath thereto.

ID.—FAIRNESS OF TRIAL NOT AFFECTED.—The fairness of the trial was not affected by the fact that the district attorney swore to the complaint, but is to be judged by what occurred at the trial. His having made the complaint before the magistrate would not necessarily indicate greater zeal or interest in the case than the subsequent filing of the information.

ID.—PROOF OF RAPE—TESTIMONY OF PROSECUTRIX.—It is held that the appellate court cannot say that the undisputed testimony of the prosecutrix, which has been accepted as true by two juries, contains any such improbabilities as at once to import disbelief in them or to suggest that in believing them the jury showed that it acted under passion or prejudice.

ID.—BIRTH OF CHILD FROM INTERCOURSE—PERIOD OF GESTATION—CONFLICTING VIEWS OF EXPERTS.—Where the testimony of the prosecutrix showed a child born eight months and three days after the intercourse, as the sole result thereof, and the testimony of expert physicians was conflicting as to whether it could be told whether a birth at that period of gestation was premature or not, it cannot be said that the evidence on that subject showed passion or prejudice, or warrants a reversal.

ID.—INTERCOURSE OF PROSECUTRIX WITH ANOTHER PERSON—OFFENSE OF DEFENDANT NOT MITIGATED—PROPER INSTRUCTION.—The court properly instructed the jury that if they were satisfied to a moral certainty and beyond a reasonable doubt that the defendant had intercourse with the prosecutrix on or about the time alleged in the information, and that if she was then under the age of sixteen years, and not the wife of the defendant, it was their duty to find him guilty, and that it is no defense that some other persons may have had such intercourse, nor does it mitigate the offense of the defendant.

ID.—OPINION OF COURT AS TO DEFENDANT'S GUILT NOT EXPRESSED.—It is held that by such instruction the court could not have been understood by the jury to have intended any opinion as to the guilt or innocence of the defendant, especially where the court fully instructed the jury as to its duty to be guided by the evidence.

ID.—CAUTIONARY INSTRUCTIONS—UNCORROBORATED EVIDENCE OF PROSECUTRIX — REQUESTS PROPERLY REFUSED.—The court properly instructed the jury that "the law does not require, in this character of a case, that the prosecuting witness be supported by another witness or other corroborating circumstances, but does require that you examine her testimony with caution," and properly refused cautionary requests of the defendant warning the jury of the danger of finding a verdict against the defendant for the crime of rape upon the uncorroborated testimony of the prosecutrix alone.

ID.—DEFINITION OF CORROBORATION—REQUEST PROPERLY REFUSED.—It is held that the court properly refused the request of the defendant for the definition of corroborative evidence, and that it must be connected with the defendant, both on the ground that corroborating evidence was not indispensable, and that the defendant claimed that there was no corroborative evidence calling for a definition.

ID.—REQUESTS SUBSTANTIALLY EMBODIED IN CHARGE.—Requested instructions which are substantially embodied in the charge of the court were properly refused on that ground.

ID.—REQUEST AS TO AXIOM—REFUSAL NOT ERROR.—It was not error to refuse a request, "that it is a well-established axiom that it is better that many guilty ones may escape than that one innocent man be convicted."

APPEAL from an order of the Superior Court of Plumas County denying a new trial. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

CHIPMAN, P. J.—Defendant was tried on an information accusing him with having unlawful sexual intercourse, on or about the twenty-fifth day of February, 1908, with the female named, she then being under the age of sixteen years. He was convicted and sentenced to imprisonment for the term of sixteen years and six months. Motion for a new trial was denied and defendant appeals from the order.

This is the second appeal of defendant after having been twice convicted.

1. Appellant's first point is that the complaint before the magistrate was sworn to by the district attorney "positively, not upon information and belief," and that "no depositions accompanied the filing of the complaint and, the charge being a felony, the justice had no legal right to issue the warrant of arrest or hold the examination under such a state of facts."

It is suggested as "a seeming legal impossibility that he (the district attorney) should know the facts of his own knowledge."

There is nothing in the statute which disqualifies the district attorney from swearing to the complaint. The statute does not prescribe who shall make oath to the complaint. The argument that the defendant could not have and did not have a fair trial because of the fact that the district attorney made the complaint and afterward conducted the trial is without merit. His having made the complaint before the magistrate would not indicate necessarily any

greater zeal or interest in the case than the subsequent filing of the information. The fairness of the trial is to be judged by what took place at the trial.

2. It is contended that the story told by the prosecuting witness is inherently improbable. We do not think it necessary to give publicity to her testimony. These salacious narratives of man's brutal instincts add little to our legal literature and should be kept out of the reports where the points made do not imperatively demand giving the testimony. We cannot say that the undisputed story told by the prosecuting witness, accepted as true by two juries, contains any such improbabilities as at once to import disbelief in them, or to suggest that, in believing them, the jury showed that it acted under passion and prejudice. The prosecuting witness testified that the illicit act complained of happened on the 24th or 25th of February, 1908, and that she had never, either before or after, had sexual intercourse with defendant or any other person. It was in evidence that she gave birth to a child at Sacramento on October 31, 1908, eight months and three days after February 25, 1908, and the attending physician testified that the child weighed eight pounds. He also testified, in reply to the question whether the child "had passed the full period of gestation," that "it was full nine months." He also testified that "if it had not been a full nine months child there would have been peculiarities about the child or mother to show that it was born sooner than provided for"; and that "there were no such appearances." Upon this latter point it was testified by a physician in rebuttal that if "it had not been a full nine months child," there would not have been "any peculiarity about the mother or child to show that it was born sooner than provided for."

This expert testimony submitted in defense tended to show that the child had been begotten a month prior to the time fixed by the prosecuting witness when the sexual intercourse took place. The rebuttal tended to show that where the full period of gestation had not been reached it could not be told, from any peculiarity of the mother or child, that the child "was born sooner than provided for." From this feature of the case we cannot say that the jury were gov-

erned by prejudice and passion in rendering their verdict or that it would warrant a reversal.

3. Lastly, it is claimed that "the court failed to properly protect the rights of the defendant in the matter of the instructions to the jury."

It is contended that the court erred in giving the following instruction: "You are instructed that if you are satisfied from the evidence to a moral certainty and beyond all reasonable doubt, that the defendant had sexual intercourse with one Gladys M. Cooksey, on or about the time alleged in the information, and that the said Gladys M. Cooksey was then under the age of sixteen years and not the wife of the defendant, it is your duty to find him guilty, and it is no defense that some other person may have had such intercourse, as that it is no defense nor does it mitigate the offense of the defendant."

It is claimed that it was error to instruct the jury that "it was immaterial whether the prosecuting witness had improper relations with other men or not"; and that the court expressed an opinion of defendant's guilt by the instruction especially in the use of the phrase, "as that is no defense nor does it mitigate the offense of the defendant." The court instructed the jury fully as to its duty to be guided by the evidence. We cannot see that the court could have been understood by the jury to have intended any opinion of its own as to the guilt or innocence of the defendant by the instruction complained of.

It is urged as error of the court in refusing to give instructions marked 46 and 47 requested by the defendant. These instructions "cautioned and warned the jury of the danger of finding a verdict against the defendant for the crime of rape upon the uncorroborated testimony of the prosecuting witness alone, and unless there are facts and circumstances, as shown by the evidence, to corroborate it." *People* v. *Benson,* 6 Cal. 223, [65 Am. Dec. 506], and other cases are cited. In the Benson case Chief Justice Murray said: "From the days of Lord Hale to the present time, no case has ever gone to the jury upon the sole testimony of the prosecutrix, unsupported by facts and circumstances

corroborating it, without the court warning them of the danger of a conviction on such testimony.''

At the request of the defendant the court instructed the jury: ''That a charge of this nature is particularly difficult for a defendant to clear himself of. No charge can be more easily made, and none more difficult to disprove. From the nature of the case, the complaining witness and the defendant are generally the only witnesses. You should be satisfied to a moral certainty and beyond a reasonable doubt, that the case is made out by witnesses and corroborating evidence, if any, before you find the defendant guilty, if you find him guilty.'' The court refused the requested instruction ''because substantially given in other instructions.'' The court also instructed the jury: ''That the law does not require in this character of case that the prosecuting witness be supported by another witness or other corroborating circumstances, but does require that you examine her testimony with caution.'' The question is: Should the case be reversed because the court failed to more carefully and distinctly warn the jury of the danger of convicting the defendant on her testimony alone?

We think the court went far enough in its cautionary signal to the jury to awaken in their minds the importance of carefully scrutinizing the testimony of the prosecuting witness, especially so, as the court stated the law to be, which defendant does not question, that a conviction could be found on the uncorroborated testimony of the prosecuting witness.

There were certain instructions requested by defendant and properly refused by the court, because they were directed solely to a definition of corroborating evidence and that it must be connected with the defendant. As corroborating evidence was not indispensable it was not error to refuse to define it or to give instructions that it must be connected with defendant. Besides, defendant claimed that there was no corroborating evidence, in case of which, if true, there was no call for a definition of such evidence. The jury were instructed that the pregnancy of the prosecutrix was not evidence of defendant's guilt. This was in fact the only circumstance that could be claimed as tending in any way to corroborate her.

Other instructions were refused because elsewhere substantially given, in which the record bears out the court.

The only remaining instruction refused, of which complaint is made, was the familiar *dictum* thus stated, "that it is a well-established axiom that it is better that many guilty ones may escape, than that one innocent man be convicted." Its refusal was not error.

The order is affirmed.

Hart, J., and Burnett, J., concurred.