[Crim. No. 237. Third Appellate District.—May 12, 1914.]

## THE PEOPLE, Respondent, v. E. W. SCOTT, Appellant.

CRIMINAL LAW—RAPE—PEREMPTORY CHALLENGES—NUMBER ALLOWED.— In a prosecution for rape upon a female under the age of consent the defendant is entitled to only ten peremptory challenges.

ID.—AGE OF PROSECUTRIX—EVIDENCE OF FATHER TO ESTABLISH.—In such prosecution it is not reversible error for the father of the prosecutrix to refer to a slip of paper which has been copied from an entry in a Bible which has in turn been copied from a family Bible, in testifying to the exact age of the prosecutrix, when he testifies positively, independently of any record, as to her age, except the precise month in which she was born.

ID.—CORROBORATION OF PROSECUTRIX UNNECESSARY—INSTRUCTIONS.— The jury may convict in such prosecution, on the uncorroborated testimony of the prosecutrix, and it is not error to instruct the jury that "it is not essential to a conviction in this case that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular acts constituting the offense; it is sufficient if you believe from her evidence and all the other testimony and circumstances in proof in the case, beyond a reasonable doubt, that the crime charged has been committed."

ID.—TESTIMONY OF PROSECUTRIX—CAUTION TO JURY AS TO CREDIBILITY. An instruction to the jury that "while it is true that the law does not require in this character of cases that the prosecuting witness

be necessarily supported by another witness, or by corroborating circumstances, still I charge you that the law does require in this class of cases that you examine her testimony with caution," sufficiently warns the jury of the danger of convicting the defendant on the testimony of the prosecutrix alone.

ID.—EVIDENCE OF SUBSEQUENT ILLICIT INTERCOURSE BETWEEN PARTIES—ADMISSIBILITY.—In such prosecution testimony of subsequent illicit intimacy and intercourse between the parties is admissible as corroborative evidence, where they tend to show a continuous illicit relationship.

ID.—SEVERAL ACTS OF INTERCOURSE—ELECTION BY PROSECUTION.—In cases of several acts of intercourse the better practice is to require the district attorney to designate at the beginning of the trial the particular act for which a conviction is sought, but the purpose of this rule will be accomplished if, at any time before the case is submitted, the jurors are clearly informed as to the particular offense of which they are asked to find the defendant guilty.

ID.—SUFFICIENCY OF ELECTION BY PROSECUTION.—If in such prosecution there is no evidence of sexual intercourse on more than two occasions, and it clearly appears from the opening statement of the district attorney and from the evidence that only on the first occasion was coition complete, a selection of the particular act on which a conviction is expected is sufficiently made.

ID.—MISCONDUCT OF DISTRICT ATTORNEY IN EXAMINATION OF WITNESS—HARMLESS ERROR.—Alleged misconduct of the district attorney in asking improper questions of witnesses is not ground for reversal, if the evidence of the defendant's guilt is so strong and persuasive that the verdict could not have been otherwise if the declared misconduct had not occurred.

ID.—FEMALE UNDER AGE OF CONSENT—INTERCOURSE WITH OTHERS THAN DEFENDANT—INSTRUCTIONS.—An instruction to the jury in such prosecution to the effect that if the prosecutrix was under the age of sixteen years, it is immaterial whether she consented or resisted, or "whether she had previously had intercourse with another," is a correct statement of the law, and would not lead the jury to reject as immaterial the testimony of a physician that coition had taken place and testimony offered by the defendant that others had had previous intercourse with the prosecutrix.

ID.—COMMISSION OF ACT BY DEFENDANT—EVIDENCE AND INSTRUCTIONS. In such prosecution there is no error in the refusal of an instruction to the jury that the prosecution "must prove to you to a moral certainty and beyond a reasonable doubt that the defendant and not some other person, committed the act of penetration as charged in the indictment," if there is no kind of showing or pretense that any other person committed the act.

ID.—INSTRUCTION UNNECESSARY AS TO OBVIOUS MATTERS.—It must be assumed that jurors are fair and intelligent men and require no special admonition or instruction as to obvious facts and rudimentary principles of just conduct.

ID.—EVIDENCE—OBSCENE ARTICLES GIVEN PROSECUTRIX TO READ.—Printed articles of an exceedingly libidinous and obscene character, given to the prosecutrix by the defendant prior to the commission of the alleged offense and likely to constitute a lure to concupiscence and apparently used for that purpose, are admissible in evidence.

ID.—SUPPOSITORIES FOUND IN OFFICE OF DEFENDANT—ADMISSIBILITY IN EVIDENCE.—Suppositories found in the office of the defendant after the commission of the offense are admissible in evidence, the prosecutrix testifying that they are like one used by him at the time the offense was committed and that he "got it at the same place."

ID.—CONTENTS AND EFFECT OF CAPSULES—EXPERT TESTIMONY.—A chemist may testify to the result of an analysis of the suppositories or capsules, and a physician may testify as to their probable effect when used in the manner described by the prosecutrix.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order refusing a new trial. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, and Phil Ware, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The defendant was convicted of the crime of rape in having carnal intercourse with a female under the age of consent, and he has appealed from the judgment and the order denying his motion for a new trial.

The claim that he should have been allowed twenty peremptory challenges has been determined several times by the supreme court adversely to his contention. It is sufficient to refer to *People* v. *Sullivan,* 132 Cal. 94, [64 Pac. 90], wherein, alluding to the earlier construction of the statute allowing only ten such challenges, it is said: "The construction thus given to the section was made nearly twenty years ago; and as the legislature has not seen fit to make a change in the statute,

we do not feel authorized to recede from the construction then given.''

The court was clearly right in denying defendant's motion to strike out all of the testimony of the girl's father as to the daughter's age. In opposition to the ruling, it is claimed that he had no independent recollection on the subject, but testified only from a date on a slip of paper, which was copied from an entry in a Bible, which in turn was copied from an entry in the family Bible. Whether the witness should have been permitted to refer to the slip or not is of no consequence since he testified positively of his independent recollection as to her age. He declared: ''I think I should know when the birth was, I was right there in the house. I know the birth independently of the record, except the exact date. I might get mixed up on that. I know the age independent of the Bible record.'' He gave the year as 1898. The offense was committed in August, 1912. It is manifest, therefore, that the particular month of her birth was unimportant. In fact, the evidence as to her being under the age of consent is so conclusive that any technical error in admitting testimony upon the subject would and should be disregarded.

We cannot agree with appellant that ''the court erred in instructing the jury as to the rule in considering the testimony of the prosecutrix.'' The part of the instruction of which complaint is made is the following: ''The court further instructs the jury that it is not essential to a conviction in this case that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular acts constituting the offense. It is sufficient if you believe from her evidence and all the other testimony and circumstances in proof in the case, beyond a reasonable doubt, that the crime charged has been committed.'' It has been held many times that in such prosecution the jury may convict on the uncorroborated testimony of the prosecutrix. It is sufficient to cite *People* v. *Keith*, 141 Cal. 686, [75 Pac. 304]. If this were not the rule it is quite clear that many offenses of this character would go unpunished. For reasons readily suggested, though, it is entirely proper for the court to caution the jury to weigh the testimony of the prosecutrix with the utmost care that no wrong be done to the defendant. The trial court in the case before us was careful to sound this warning in the

following language: ''While it is true that the law does not require in this character of cases that the prosecuting witness be necessarily supported by another witness, or by corroborating circumstances, still I charge you that the law does require in this class of cases that you examine her testimony with caution.'' That the court did not ''more carefully and distinctly warn the jury of the danger of convicting the defendant on the testimony alone'' of the prosecutrix, is no ground for reversal. *People* v. *Currie,* 16 Cal. App. 736, [117 Pac. 941.]

It was not error for the court to permit evidence of subsequent illicit intimacy and intercourse between the same parties. In *People* v. *Koller,* 142 Cal. 624, [76 Pac. 501], it is said: ''And while we recognize that there is a conflict in the authorities as to the admissibility of evidence of subsequent acts we are of the opinion that the better rule and the one sanctioned by the weight of authority, is, that acts of improper familiarity, or illicit intimacy or relations between the parties subsequent as well as prior to the act charged in the information relied on by the prosecution for a conviction. are admissible as corroborative evidence where they tend to show a continuous illicit relationship.'' The court proceeds, however, to state that they are not admissible as independent substantive offenses upon which a conviction can be had and they are only admissible at all after the prosecution has selected some particular act which constitutes the offense upon which reliance is had for a conviction.

And that brings us to one of the two points most strongly urged by appellant, that is, that the district attorney did not make the selection which the law requires. For an exposition of the rule particular attention is directed to *People* v. *Castro,* 133 Cal. 13, [65 Pac. 14], and *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323]. In the former it is said: ''The state, at the commencement of the trial, should have been required to select the particular act upon which it relied to make good the allegation of the information.'' In the latter opinion it is declared: ''In this case, as well as in any other, the prosecution must charge a specific offense and the conviction, if one is had, must depend upon the proof of that offense alone. Other incidents are important only as tending to prove the *one* specific offense for the alleged commission of which defendant is on trial.''

The better practice is, of course, to designate at the beginning of the trial the particular act for which a conviction is sought, but it is manifest that the purpose of the rule will be accomplished if at any time before the case is submitted the jurors are clearly informed as to the particular offense of which they are asked to find the defendant guilty. When the prosecutrix was on the stand and was being questioned the record shows the following: "Mr. Cowan: . . . and we also ask at this time that the district attorney elect upon which date—as I understand his statement yesterday to the jury there were three different times that the offense was committed— Mr. Lea: Oh, no. Mr. Cowan: We ask that he elect the date. The Court: I understand the offense was alleged to have been committed on the 9th day of August. Mr. Lea: On or about the 9th day of August." This answer of the district attorney might have left the matter in uncertainty in view of certain considerations hereafter to be noticed. But when the whole record is regarded we think there could be no doubt in the minds of the jury as to the particular charge upon which they were called to pass. There is no evidence whatever of sexual intercourse on more than two occasions, one on the ninth day of August and the other about three weeks later. The district attorney, however, did not claim that in the latter occurrence the coition was complete. Indeed, it clearly appears from his opening statement that only the first of these was regarded as measuring up to the offense charged in the information and that for this he expected a conviction. He said: "On or about the 9th day of August we expect to show that she again visited his office and that he tried to have intercourse with her and did take her on his lap and finally take her into the back room where his bedroom was located and laid her on the bed and had intercourse with her, she consenting to it; that he gave her a sum of money that day and told her to say nothing about it. On a later period she visited the office a few times after that and had work done at times, and that on a later date he endeavored to have intercourse with her and took her in and put her on his bed for that purpose but finding that she was in her period of monthly sickness he desisted. That the charge is based on the occasion on which the intercourse occurred." The evidence clearly identifies

these two events, and, in view of the district attorney's statement, we think there could be no ground for misapprehension on the part of the jury as to which they were called upon to find a verdict. It may be said also that, from a colloquy between the court and district attorney in the beginning of the examination of the prosecutrix, the only reasonable inference would be that the prosecution was based on the first of these occurrences. The court also declared, in an instruction to the jury, that "In cases where a person is charged with the crime of rape, evidence of improper familiarity on the part of the defendant toward and with the prosecutrix, is received and admitted in evidence to prove the adulterous disposition of the person charged, and as having a tendency to render it more probable that the act of sexual intercourse charged in the indictement was committed on August 9th, 1912, and for no other purpose."

It is true that the court further instructed the jury that "The precise time at which the offense was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the filing thereof except where the time is a material ingredient in the offense." This, however, was given for the reason that the information alleged the offense was committed "on or about" the fifteenth day of August, but, in view of what we have set forth, this instruction could not have misled the jury as apprehended by appellant.

The other contention most confidently urged by appellant relates to the alleged misconduct of the district attorney.

When the court, for the benefit of a witness, explained the meaning of the term "integrity," the district attorney stated that he understood it to include "moral uprightness." That was in the course of a running argument, and granting that the district attorney placed a wrong interpretation upon the expression we cannot assume that he was thereby guilty of willful misconduct. Indeed, "moral soundness" is one of the definitions of the term and *probity, uprightness* and *rectitude* are given in one of the standard dictionaries as synonymous of integrity. The district attorney was, therefore, not without plausible reason for his contention, but at any rate we cannot impute to him improper motives nor believe that the jury was misled in violation of the rights

of the defendant. Two other instances of misconduct are specified: The first is involved in a question asked of Dr. C. J. Fredericks, as follows: "Did you discuss about the defendant being seen peeping into the window of a young lady?" the doctor answering, "No, I never did, for I never saw him doing anything like that at all." The other relates to the following question asked on cross-examination of the witness W. C. Moran: "Didn't you ever hear that he was found looking in at windows of young ladies?" the witness having testified on direct examination that the defendant's general reputation for truth, honesty, and integrity "was the very best."

As to the first of these, it may be said that the witness Fredericks had contradicted witness Wood, who testified, in reply to questions asked on cross-examination, that he had a conversation with the former as to the character of defendant. The question, therefore, asked of Fredericks, to which exception is taken, was within the legitimate scope of cross-examination. This was probably the view first taken of it by defendant, as no objection was made to the question.

It may be that the district attorney should have refrained from asking said question of witness Moran, but if we were to so hold it would, in our opinion, be a gross miscarriage of justice to set aside the verdict for the mere asking of said question. The evidence of defendant's guilt is so strong and persuasive that it is incredible that the verdict would have been otherwise if the declared misconduct of the district attorney had not occurred. We consider this case easily distinguishable from *People* v. *Derwae,* 155 Cal. 592, [102 Pac. 266], and *People* v. *Tufts,* 167 Cal. 266, [139 Pac. 79].

The prosecution requested the court to give the following instructions: "The court instructs you that it is the law of the state of California that any female under the age of sixteen years shall be incapable of consenting to an act of sexual intercourse, and that any one committing an act of sexual intercourse with a female under such age, and not his wife, is guilty of the crime of rape, notwithstanding he obtained her consent. Therefore whether such child consents or resists is wholly immaterial." It is admitted by appellant that the foregoing "is unquestionably good law" but complaint is made of the action of the court in modifying the

proposed instruction by substituting for the last sentence the following: "Therefore, whether such female consents or resists, or whether such female had previously had intercourse with another, if such be the fact, is wholly immaterial."

The ground of the criticisms is found in these considerations: A physician had testified as to the girl's physical condition, from which the inference would follow that coition had taken place. The jury might readily accept this as a circumstance against the defendant. Appellant, however, offered evidence tending to show that the prosecutrix had been intimate with two boys prior to the alleged offense of defendant. Such evidence, if given credit, would destroy the effect of her physical condition as evidence of appellant's guilt. It is claimed, though, that said instruction would lead the jury to reject said evidence as immaterial to the case.

This, however, is not a fair interpretation of the language used by the court. There was no intimation in the instruction that the jury should not consider such evidence for the purpose of reaching a conclusion as to whether defendant had committed the offense charged in the information. The court was dealing with a hypothetical case, that is, with one where it was established that intercourse had taken place with a female under the age of consent. In such case, the jury were told, it was immaterial whether there had been previous intercourse. The instruction, in the connection in which it was given, could be interpreted as meaning nothing more or less than if the jury were satisfied that defendant had committed the act charged in the information it would be no defense that the prosecutrix may have had previous sexual intercourse with another. Such is the law. (*People* v. *Davenport,* 13 Cal. App. 632, [110 Pac. 318]; *People* v. *Currie,* 16 Cal. App. 731, [117 Pac. 941].)

There was no error in the refusal of the proposed instruction that the prosecution "must prove to you to a moral certainty and beyond a reasonable doubt that the defendant and *not some other person,* committed the act of penetration as charged in the indictment." Under the evidence there was no possible room for uncertainty or discussion as to whether the defendant or some other person committed the

act *charged in the information.* In other words, there was no kind of showing or pretense that any other person committed said act. If it was intended that the jury should be instructed that the prosecution must prove to a moral certainty and beyond a reasonable doubt that the defendant committed the act or else he must be acquitted, we find the legal proposition amply covered by the instructions given.

The court refused a hypothetical instruction concluding with the direction: "Then I instruct you that you are to entirely disregard the evidence of a ruptured hymen as tending in any manner to establish the guilt of the defendant of the charge embraced in the indictment." The instruction could mean only that if the jury believed that a certain physical condition was produced by the act of another it should not be considered as evidence against the defendant.

If the jurors needed such instruction they were certainly lacking in an essential qualification for jury duty, that is, the possession "of ordinary intelligence." We must assume, however, that they were fair and intelligent men and required no special admonition as to such obvious and rudimentary principles of just conduct.

The same suggestion may be made as to the action of the court in striking from a proposed instruction the words: "Nor the fact that the defendant is a dentist." The contention was that such circumstance should not operate to the prejudice of defendant. There is no reason to suppose that the jury would be so remiss as to look with disfavor upon that circumstance. Besides, the situation was entirely covered by this admonition given by the court: "Neither sympathy for nor prejudice against the defendant or any other person should influence your verdict. You must look alone to the evidence in this case and from it make your decision. The defendant is entitled to the calm, unbiased and deliberate judgment upon the truthfulness of the charge against him."

Two printed articles of an exceedingly libidinous and obscene character were introduced in evidence. The prosecutrix identified them as articles shown her by defendant while she was in the dental chair and prior to the commission of the offense charged in the information. She testified:

24 Cal. App.—29

"He just handed them to me and said 'here is a couple of pieces I could read.' I asked him where he got them and he said a gent had given them to him." Being asked, "And what if anything—did you look at the articles?" She answered, "Yes, sir, I glanced at them." That they were likely to constitute a lure to concupiscence and were used for that purpose is quite evident from the record. Any act or declaration of defendant tending to show a desire or purpose on his part to have illicit relations with the prosecutrix or any solicitation or representation made by him to excite a similar desire on the part of his victim, or to overcome her natural aversion to wantonness would be relevantly and clearly connected with the crime and therefore admissible. A printed statement, shown to the prosecutrix, would, of course, stand upon the same foooting as a similar oral or written declaration of defendant under similar circumstances.

There is no more room to doubt the correctness of the ruling in permitting the introduction in evidence of certain suppositories found in defendant's office after the commission of the offense. The prosecutrix went with the sheriff to the office where he obtained them and she testified that the "capsule" used by defendant when the offense was committed was just like those secured by the sheriff and that the defendant "got it at the same place." The principle is the same as that involved in the introduction of a bottle containing strychnine found in the home of the defendant that was allowed in the case of *People* v. *Wilkins,* 158 Cal. 535, [111 Pac. 612]. Therein, referring to the bottle, it is said: "Its identity and integrity were both sufficiently established to justify its admission in evidence." (See, also, *People* v. *Lewis,* 9 Cal. App. 281, [98 Pac. 1078].)

The witness Price, an analytical chemist, was permitted to give the result of a chemical analysis of certain of the capsules found as aforesaid by the sheriff. This evidence was certainly proper if the capsules themselves were admissible.

The testimony of a physician as to the probable effect of these capsules when used in the manner testified to by the prosecutrix was legally pertinent and its weight was for the jury. The relation to the charge was not too remote to

render the foregoing circumstances proper subjects of consideration.

We have thus noticed, in the order presented by him, the various points made by appellant and we are satisfied no sufficient reason exists to justify an interference with the verdict of the jury.

If it should be conceded that any error was committed it should be disregarded for the reason that we are convinced that "the result was just and it would have been reached if the error had not been committed." (*People* v. *O'Bryan,* 165 Cal. 55, 66, [130 Pac. 1042].)

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.