[Crim. No. 446.  Second Appellate District.—May 11, 1916.]

# THE PEOPLE, Respondent, v. PAT CAVANAUGH, Appellant.

CRIMINAL LAW—RAPE—INSTRUCTIONS—PREJUDICIAL ERROR IN REFUSING. In a prosecution for rape, where the testimony of the prosecutrix was conflicting as to whether a statement which she claimed the defendant made to the effect that he was an officer and was about to arrest her, was made before or after the act of intercourse, it was prejudicial error for the court to refuse to instruct the jury, at the request of the defendant, that if they found that the prosecutrix' consent to the intercourse was obtained because of her belief that the defendant was an officer and that he was about to arrest her for alleged intoxication, and not because of threats to do her great bodily injury, the defendant was entitled to an acquittal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Walton J. Wood, Public Defender, and Graham F. Putnam, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of rape and sentenced to serve a term of fourteen years in the penitentiary. He presented a motion for a new trial, which being denied, an appeal was taken from the order and also from the judgment. The information charged that the crime was accomplished by means of force, and that the prosecutrix was prevented from resisting because of threats made by the defendant that he would kill her; that defendant exhibited a loaded revolver and pointed it at the head of the prosecutrix as an evidence of his ability to carry out his threats. The prosecutrix was a married woman and lived with her four children in the lower part of the city of Los Angeles. She testified that at the time of the alleged assault, her husband was absent in another part of the state, and that she had as a

roomer a young man who occupied a room in the upper portion of the house. She also stated that at the time of the alleged rape a lady friend was visiting her and was present in an adjoining room. She testified that she went to the door in answer to defendant's knock and that he made inquiry regarding a room, claiming that he wanted to rent one, and that after showing him through two rooms, and while in one of the bedrooms, defendant caught her by the arm, drew a revolver, and threatened to shoot her if she made any outcry and did not consent to his proposal; that he forced her over upon a bed and thereupon had sexual intercourse with her. She further testified that after the act had been accomplished she went into the kitchen; that he came with her and that while she was busy about her toilet he talked to her. She further testified that defendant claimed to be an officer, and said that he had been sent by the chief of police to arrest the prosecutrix for intoxication. She further testified that defendant returned twice that day, once in the early part of the evening, and the last time at about 11 o'clock that night. She stated that she made no immediate complaint to anyone regarding the conduct of the defendant, and on the occasion of each of his later visits she admitted him into the house and talked with him. Her excuse for so doing was that she believed that he was an officer and would make trouble for her if she did not. At the time of his arrest it was found that defendant did have some sort of a star, such we assume as might be worn by an officer, and that he had carried a revolver.

When this case was first considered an opinion was written ordering that the judgment and order be affirmed. Upon application thereafter made, a rehearing was granted. One of the chief errors claimed to have been committed by the trial court was in refusing to give an instruction offered by the defendant, advising the jury that if they found that the prosecutrix' consent to the intercourse was obtained because of her belief that the man was an officer and would arrest her, and not because of the threats to do her great bodily injury, defendant was entitled to an acquittal. Treating of that point in our former opinion, we said: "No fault can be found with this instruction as to the correctness of the law announced therein, but the evidence was such as to authorize the court to refuse it. The testimony of the prosecutrix was

that no statement was made by appellant prior to the completion of the act of intercourse to the effect that he was an officer, but all of that was said afterwards. . . . Had the testimony shown that before or at the time the assault was committed, one of the threats made by appellant had been that he would or was about to arrest the prosecutrix, then the instruction would have been pertinent and timely and we think it would have been error to refuse it.'' We have re-examined the testimony given by the prosecutrix. As stated in the former opinion, she did finally say that the alleged statements made by the defendant, to the effect that he was an officer and would arrest her, were made after the intercourse had been had. It is insisted, however, that, inasmuch as the witness at first stated that the defendant made his claim of being an officer and his threat of arrest at the time the witness alleged he pulled the gun and before the intercourse occurred, notwithstanding that she contradicted this finally, it was a matter for the jury to say and determine as to which of her statements they would believe. We are inclined to adopt this view as being the correct one to be taken, and with that conclusion in mind, it appears clear that the instruction offered by the appellant should have been given. And we think the error was prejudicial. The general statement of the prosecutrix showed marks of improbability. It is hardly consistent with the attitude of a woman who has been, at the point of a revolver, compelled to submit to the embraces of an assailant, that no complaint should have immediately been made, and that twice on the same day the prosecutrix should have admitted the same man to her house and there conversed with him. An occurrence such as the prosecutrix described would most naturally seem to call for immediate complaint and the denunciation of the perpetrator at the earliest possible moment. All of these reflections give color to the claim of the public defender, who appeared for the defendant in this case at the trial, that the prosecutrix did consent to the act of intercourse under the belief that Cavanaugh was a peace officer and for the purpose of purchasing immunity from arrest or molestation by him. The mere threat to arrest her would not be a threat to use such force and violence as are described in section 261 of the Penal Code. Defendant on his part admitted that the act of intercourse had taken place between him and the prosecutrix, and

testified that the prosecutrix might have inferred that he was an officer; that he went to her house at the request of a relative of hers to endeavor to persuade her not to continue her drinking habits, and that she placed her arms around his neck, and told him not to say anything about it, and she would do better and would consent to anything he wanted, and that thereupon she voluntarily offered to have intercourse with him. It would seem natural that the jury would condemn the attitude adopted by the defendant in allowing the prosecutrix to assume that he was an officer, if they so believed, and in that state of the case it became important to the defendant to have the jury fully advised that he could not be convicted of the crime charged solely because of any belief on the part of the prosecutrix that he was an officer and would arrest her unless she gave her consent to the act.

In their general substance the instructions as given by the trial judge appear to have correctly stated the law. We think that because of the one error specified, however, that the appellant is entitled to a new trial.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.