[Crim. No. 1267. Second Appellate District, Division One.—December 7, 1925.]

THE PEOPLE, Respondent, v. JAMES M. DASEY et al., Appellants.

[1] CRIMINAL LAW—PLEADING—INDICTMENT—DIFFERENT OFFENSES—SEPARATE COUNTS.—Under section 954 of the Penal Code, an indictment may charge two or more different offenses of the same. class of crimes under separate counts, and the prosecution is not required to elect between the different offenses or counts set forth in the indictment, but the defendant may be convicted of any number of the offenses charged.

[2] ID. — RAPE — EVIDENCE — SUPPORT OF VERDICT — APPEAL. — In this prosecution under an indictment charging the defendants in two counts with the crime of rape committed against the same person and on the same day, there was ample evidence to support the verdict finding each defendant guilty of each of the crimes of which he was charged, and the weight of this evidence

1. See 14 Cal. Jur. 66; 14 R. C. L. 196.
2. See 22 Cal. Jur. 394.

was for the jury, and the jury having found against the defendants, the appellate court will not disturb their verdict.

[3] ID.—Testimony of Prosecutrix—Conflicting Evidence—Verdict.—A verdict of conviction in a prosecution for rape will not be set aside on the ground of the insufficiency of the evidence, although there is apparently a substantial conflict of the evidence, unless the story of the prosecutrix is so improbable as to warrant the belief that the verdict was more the result of prejudice and popular excitement than calm and dispassionate consideration upon the facts.

[4] ID.—Evidence—Corroboration.—In a prosecution for rape, where the prosecutrix, a mature young woman of between nineteen and twenty years of age, whose reputation was above reproach, testified that she was abducted by defendants at a late hour of night and taken to a secluded spot and there forcibly ravished by them, and that she had no previous acquaintance with either defendant and had never seen them prior to the attack upon her, no corroboration of her testimony was necessary in order to sustain a verdict of conviction.

[5] ID. — Absence of Outcry — Failure of Prosecutrix to Make Complaint—Evidence.—In such prosecution, it cannot be said that the testimony of the prosecutrix was improbable because she made no outcry when the assaults were being made upon her or because she failed to complain to her mother on her return home on the night of the assaults, where she explained her failure to make any outcry by the fact that defendants were choking her and holding their hands over her mouth, so that it was impossible for her to speak, and she gave as the reason for not complaining to her mother that the latter was in delicate health, and she feared the effect upon her mother's health if aroused at that late hour and informed of the serious plight of her daughter, it being further shown by her testimony that the next morning she sent word to a police department and gave to the officers a complete account of the outrage committed against her and all information regarding the affair, which led to the arrest of defendants.

[6] ID.—Resistance by Prosecutrix—Refusal of Requested Instructions—Other Instructions.—In such prosecution, conceding that a portion of an instruction requested by defendants, and which the trial court struck out, correctly stated the law as

3.  See 22 Cal. Jur. 396.
4.  See 22 Cal. Jur. 399; 22 R. C. L. 1222.
5.  See 22 Cal. Jur. 385.
6.  See 8 Cal. Jur. 314.

to the extent and degree of resistance required of the prosecutrix, there was no error on the part of the court in refusing to give it, where the court gave other •instructions upon that phase of the case which properly safeguarded all the rights of defendants.

[7] ID.—MISCONDUCT OF DISTRICT ATTORNEY—ARGUMENT—ADMONITORY INSTRUCTION.—In such prosecution, no injury was sustained by defendants on account of certain statements made by the district attorney during his argument to the jury where, in each instance, the trial court sustained defendants' objections to such statements and admonished the jury to disregard them.

[8] ID.—EVIDENCE—TESTIMONY AS TO NUMBER OF AUTOMOBILE USED BY DEFENDANTS — IDENTIFICATION — HEARSAY — NONPREJUDICIAL ERROR.—In such prosecution, the trial court did not err in permitting a police officer to testify to the number borne by the automobile used by the defendants on the night of the assaults, although it be conceded that the only knowledge the witness had as to the number was gained from the prosecutrix and was hearsay, where the only purpose of this evidence was to identify the defendants as the occupants of the car and as the assailants of the prosecutrix, and where both of the defendants admitted they were with the prosecutrix, on said night and were with her while in said car.

[9] ID. — TESTIMONY OF PROSECUTRIX — CAUTIONARY INSTRUCTIONS —PROPER REFUSAL OF.—In the absence of any requirement arising either from statutory enactment or judicial declaration making it compulsory upon the trial court to give any instruction to view the testimony of the prosecutrix with caution in prosecutions for rape where the prosecutrix is not a child of tender years, it was not error for the court in such a case to refuse an instruction requested by defendants that "While it is true that a conviction may be had upon the testimony of the prosecuting witness alone, if it be sufficient to be accepted by the jury as truth, for this reason it is the duty of the jury in such a case to scan the testimony of the prosecuting witness and view the same with caution."

---

(1) 31 C. J., p. 784, n. 94, p. 785, n. 9, p. 787, n. 40; 33 Cyc., p. 1501, n. 6.    (2) 17 C. J., p. 264, n. 89; 33 Cyc., p. 1486, n. 12, p. 1501, n. 11.    (3) 33 Cyc., p. 1517, n. 94.    (4) 33 Cyc., p. 1496, n. 82.    (5) 33 Cyc., p. 1497, n. 86.    (6) 16 C. J., p. 1063, n. 85. (7) 16 C. J., p. 917, n. 67; 17 C. J., p. 298, n. 21; 33 Cyc., p. 1517, n. 98.    (8) 17 C. J., p. 332, n. 56; 33 Cyc., p. 1517, n. 98.    (9) 33 Cyc., p. 1513, n. 68.

9. See 22 Cal. Jur. 408.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliot Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Allender, A. S. De Santis and Irvin C. Taplin for Appellants.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

CURTIS, J.—The indictment against appellants is in two counts. Each count charges appellants with the crime of rape committed against the same person and on the same day. It was the contention of the prosecution that each of said appellants had sexual intercourse with one Josephine Price by force and violence, and that while one of said appellants accomplished said act the other aided and abetted in its commission by holding and restraining said complaining witness and thus overcoming her resistance. That is, the prosecution contended that each of said appellants was guilty of two crimes of rape against the same person and on the same day, and that in the commission of one of said crimes the appellant James M. Dasey was the principal and appellant John M. Dasey was the accomplice, and in the commission of the other of said crimes the appellant John M. Dasey was the principal and the appellant James M. Dasey was the accomplice. The evidence admitted on behalf of the prosecution tended to show the commission of each of said crimes. There was, therefore, no merit in the motion of appellants made after the prosecution had closed its evidence in chief requiring the People to elect one of the two charges contained in the indictment as the one upon which the appellants would be prosecuted. As the appellants were charged with two separate and distinct crimes, and there was evidence tending to support both of said charges, there could be no right whatever on appellants' part to require the People to limit the prosecution to only one of said crimes. [1] Under section 954 of the Penal Code the indictment may charge two or more different offenses of the same class of crimes under separate counts, and the prosecution is not required to elect between the different offenses or counts

set forth in the indictment, but the defendant may be convicted of any number of the offenses charged.

[2] There was ample evidence to support the verdict finding each of the appellants guilty of each of the crimes of which he was charged. The weight of this evidence was for the jury, and the jury having found against appellants, this court will not disturb their verdict. [3] It is true that the supreme and appellate courts of this state have in some instances, in cases where the charge was one of the same character as those against appellants, reversed judgments of conviction when there apparently was a substantial conflict in the evidence. This was done in the case of *People* v. *Hamilton,* 46 Cal. 540, 543, following *People* v. *Benson,* 6 Cal. 221 [65 Am. Dec. 506]. The same ruling was made in *People* v. *Ardaga,* 51 Cal. 371. See, also, *People* v. *Cavanaugh,* 30 Cal. App. 432 [158 Pac. 1053], *People* v. *Castro,* 60 Cal. 118, and *Lind* v. *Closs,* 88 Cal. 6 [25 Pac. 972]. Whatever may have furnished the necessity in some of the above cases for the courts to have departed from the well-established rule and practice of refusing to pass upon the weight of the evidence, we see no occasion in this action under the facts as disclosed by the record to justify this court in setting aside the verdict of the jury and reversing the judgment on the ground of the insufficiency of the evidence. The reason assigned by the courts in the above cases for reviewing the evidence and considering its weight was that the story of the complaining witness was so improbable as to warrant the belief that the verdict was more the result of prejudice and popular excitement than the calm and dispassionate consideration upon the facts. Such a reason is not to be found in the present action. [4] The complaining witness was a mature young woman of between nineteen and twenty years of age. Her reputation was above reproach. She told a straightforward story of being abducted by the appellants at a late hour of night and taken to a secluded spot and there forcibly ravished by them. She had no previous acquaintance with either of the appellants and testified that she had never seen either prior to the attack being made upon her. It is true that there was no direct corroboration of any of these acts, but no corroboration was necessary. [5] The only respects in which appellants claim that her testimony was improbable were those

wherein she testified that she made no outcry when a milk-man passed within a few inches of the automobile in which she and her assailants were seated and at about the time when the assaults were being made upon her, and her further statement that she failed to complain to her mother on return to her home on the night of the assault. She explained her failure to make any outcry at the time the milk-man drove near the automobile by the fact that the appellants were at the time choking her and holding their hands over her mouth so that it was impossible for her to speak. She gave as the reason for not complaining to her mother that the latter was in delicate health, and she feared the effect upon her mother's health of her being aroused at that late hour of the night and informed of the serious plight of her daughter. Her testimony shows that the next morning she sent word to the police department and gave to the officers a complete account of the outrage committed against her and all information regarding the affair, which led to the arrest of the appellants. On this subject we would call attention to the case of *People* v. *Fraysier,* 36 Cal. App. 579 [172 Pac. 1126], where the prosecuting witness, a girl of twelve years of age, testified that the defendant, evidently a grown man, committed an assault upon her and immediately thereafter she went home; she said nothing to her mother about the occurrence, but straightway went out to play with her companions and forgot the matter; she thought nothing more about it until the arresting officer called upon her one day at school and questioned her in regard to the affair. There was no corroboration of her testimony, yet the court said (page 581): "We cannot say from a review of the entire record that the evidence of the prosecution was inherently improbable. The most that can be said is that its truth was open to suspicion. If believed by the jury, it was sufficient to support their verdict and the judgment." We find nothing so improbable in the story of the prosecutrix in this action that we feel called upon to hold that her testimony was not sufficient to support the verdict.

[6] The court struck out from an instruction proposed by appellants the following: "Therefore, if you believe from the evidence in this case that the said Josephine Price, while in the automobile mentioned in evidence, while located on the streets mentioned in evidence, at times yielded to the

solicitations of the defendants, or either of them, and did not at all times resist to her utmost, but subsequently consented to the acts of intercourse charged in the indictment, then and in that event you should find the defendants not guilty.''

It is claimed by appellants that they were seriously prejudiced by the court's refusal to give the foregoing portion of the proposed instruction. Conceding that the portion of the instruction which the court struck out correctly stated the law as to the extent and degree of resistance required of the prosecutrix in a case of this character, there was no error on the part of the court in refusing to give it. The court gave other instructions upon this phase of the case, one of which was as follows: ''The law requires that the prosecution must satisfy your minds that the prosecutrix resisted at all times to the full extent of her ability, and that her resistance was overcome by means of force and violence. And if you find from the evidence in this case that the prosecutrix, Josephine Price, did not at all times resist to the full extent of her ability, and that her resistance was not overcome by means of force or violence, your verdict should be not guilty.'' We think the rights of appellants were all properly safeguarded by the court in the instructions given.

[7] Appellants took exception to various statements of the district attorney made during the latter's argument to the jury. In each instance the court sustained appellants' objection to such statements and admonished the jury to disregard them. In view of the nature of these statements, and the admonition given by the court in relation thereto, we are of the opinion that no injury was sustained by appellants on account of such remarks.

[8] No error was committed by the court in permitting the police officer to testify to the number borne by the automobile which it was claimed was used by appellants on the night of the assaults. It may be conceded that the only knowledge that the police officer had as to this number was gained by him from the prosecutrix, although this does not clearly appear from the evidence. Therefore, his statement as to the number was hearsay. The only purpose of this evidence was to identify the appellants as the occupants of the car on the night of the assaults and, therefore, as the

assailants of the prosecutrix. Each of the appellants admitted that they were with the prosecutrix on said night and were with her in said car, and each further testified that he had sexual intercourse with her while in said car. The testimony of the police officer, therefore, as to the number of the car given to him by the prosecutrix could not have resulted in any injury whatever to the appellants.

[9] The appellants requested the court to instruct the jury that, "While it is true that a conviction may be had upon the testimony of the prosecuting witness alone, if it be sufficient to be accepted by the jury as truth, for this reason it is the duty of the jury in such a case to carefully scan the testimony of the prosecuting witness and to view the same with caution." Our attention has not been called to any authority holding that it was error in cases of this kind to refuse to give a cautionary instruction such as that proposed by appellants. The subject is considered in California Jurisprudence as follows: "Although there is no statute especially requiring it, the court may instruct the jury to view the testimony of the prosecutrix with caution where she is a child of tender years and her testimony is uncorroborated, since in this class of cases the accused is almost defenseless and ample opportunity is afforded for the free play of malice and private vengeance. On the other hand, the refusal of such an instruction is not error where the prosecutrix is not a child of tender years where her testimony is corroborated." (22 Cal. Jur., p. 408.) While the court refused to so instruct the jury as requested by appellants, it did give the following instruction: "The court further instructs the jury that while it is the law that the testimony of the prosecutrix should be carefully scanned, still this does not mean that such evidence is never sufficient to convict." This instruction is in almost the precise language as that given in *People* v. *Liggett,* 18 Cal. App. 367, 372 [123 Pac. 225]. It does not greatly differ from the instruction given by the trial court in the case of *People* v. *Currie,* 16 Cal. App. 731, 736 [117 Pac. 941, 943], concerning which the appellate court said: "We think the court went far enough in its cautionary signal to the jury to awaken in their minds the importance of carefully scrutinizing the testimony of the prosecuting witness." The only

material respect in which the instruction given in the Currie case differs from that given in the present action is that in the former case the court charged the jury directly that the law required them "to examine the testimony of the prosecutrix with caution." While in the present action the court instructed the jury that the testimony of the prosecuting witness "should be carefully scanned," but not in as direct language as that used in the Currie case. On each occasion, however, the attention of the jury was called by the court to the law imposing upon them the duty of carefully scrutinizing such testimony when uncorroborated before convicting the defendants upon it. In the absence of any requirement arising either from statutory enactment or judicial declaration making it compulsory upon the court to give any cautionary instruction whatever in cases of this character, it was not error for the court to refuse to give the above instruction requested by appellants. In view of the instruction upon this same subject which the court did give to the jury, we think appellants have no just cause to complain as to the court's instruction.

We find no reversible error in the record, and are of the opinion that the judgment and order denying appellants' motion for a new trial should be affirmed, and it is so ordered.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.