[Crim. No. 996.  Third Appellate District.—November 29, 1927.]

THE PEOPLE, Respondent, v. EDWIN DARDEN, Appellant.

Hale Day, E. Fitzgerald and Donald McKisick for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WEYAND, J., *pro tem.*—The defendant was convicted in the county of El Dorado of the crime of maintaining a common nuisance in the town of Diamond in said county, in that he kept a place where intoxicating liquors were bartered and sold. The information charged that said nuisance was maintained from November 1, 1926, continuously "to the present time." This information was filed June 10, 1927. The defendant entered a plea to this information without interposing any motion to set aside the same on the grounds specified in section 995 of the Penal Code, as said section then stood. Trial was had under this information on the 6th, 7th, and 8th of July, 1927.

Upon a conviction of the defendant, he moved for a new trial and upon denial of that motion and subsequent sentence by the court, defendant appealed from the order of the court denying said motion and from the judgment of conviction herein.

In appellant's brief but one point is urged for the reversal of the judgment and order of the trial court. Ap-

pellant claims that as the original criminal complaint herein was filed in the magistrate's court on "May 31st, 1927," it was error on the part of the trial court to admit testimony of sales of intoxicating liquors after "May 31st, 1927."

The record before us does not disclose the date upon which the original criminal complaint herein was filed in the justice's court. It is quite true that the record discloses a tacit admission of the district attorney that such was the date of said filing, but it is only so shown in a running argument and does not rise to the dignity of a specific admission. There is no direct proof as to when the complaint was originally filed.

It is now too late to question the information in that respect. Defendant went to trial upon the charge as contained in the information. Had defendant ever attempted during the trial to introduce testimony of the date of the filing of the original criminal complaint, for any purpose in the way of challenge to that pleading, such testimony would have been subject to objection.

There was a time and a place when it might have been proper to question this information. That time was upon arraignment, and the grounds of objection are laid down in said section 995 of the Penal Code. Section 996 of the Penal Code specifically provides that if the objections permitted by section 995 are not made, the defendant is deemed to have waived them. (See *People* v. *Knight*, 63 Cal. App. 65, 66 [218 Pac. 79].)

Conceding that an objection was before the trial court as to testimony of sales either before or after the time covered by the criminal complaint as the same was claimed to have been in the magistrate's court, or under the information as filed, we are of the opinion that if sufficient testimony was given of such illegal sales within the dates from November 1, 1926, until May 31, 1927, testimony could then be properly received of such sales both before and after these dates, but within a reasonable period either before or after, to be determined by the trial court. The gist of the offense charged was its continuing character. It must have been proven to have been "common" or "habitual," and evidence of a common practice even at dates immediately before the date charged, and after, are properly received

in evidence to sustain such charge, providing they are sufficiently near the time charged to evidence intent, plan and purpose.

■ As we construe the testimony given it was relevant to prove the habitual doing of the illegal acts. A large number of sales within the period described were given in evidence. A few related to times before the period covered by the charge, and a few after the thirty-first day of May, 1927. It is apparent from the evidence at the trial that while some witnesses did say sales occurred along in the first of June, or along the last part of May or first of June, none testified to a positive date after June 10th.

In section 382 of Wigmore on Evidence it is said: "The prior or the subsequent existence of such a fact (a course of human conduct) is always evidential to show its existence at a time in issue, upon the general experience that such facts involve a human attitude more or less continuous and permanent. The probability of continuance depends much, of course, on the nature of the specific fact and the circumstances of each case; and therefore, in setting a limit of time for the range of the evidence, the discretion of the trial court should control. The principle is illustrated by many sorts of facts. Such evidence is receivable to show the mode of conducting a business, the keeping of liquors illegally, . . . The occasional repudiation of such evidence in some of the above precedents is not to be taken as a negation of the general principle, but only as a determination that in the case at hand the contingencies of change were too many to allow the prior or the subsequent condition of things to be of probative value; or that no presumption of continuity (*post*, sec. 2530), in the strict sense, will be enforced."

The order of the trial court denying defendant's motion for a new trial and the judgment of conviction herein are affirmed.

Hart, Acting P. J., and Plummer, J., concurred.