**Richmond.**

CRUMP v. COMMONWEALTH.*

DECEMBER 5, 1895.

1. CRIMINAL LAW—*Oath of Jurors—Record.*—A record which shows that
the jury "were sworn the truth of and upon the premises to speak"
sufficiently shows that the jury were sworn in due form.

2. APPEAL AND ERROR—*Criminal Law—Joinder in Demurrer.*—An objec-
tion for failure to join in a demurrer to an indictment cannot be
made for the first time in this court.

3. CRIMINAL LAW—*Oral Instructions.*—It is common practice to instruct
a jury orally as to the law of the case, and, unless objected to at
the time for good reason, it is not error to do so.

4. CRIMINAL LAW—*Indictment—Signature of Foreman of Grand Jury.*—
It is not necessary that the record should show that an indictment
was signed by the foreman of the grand jury.

5. CRIMINAL LAW—*Unsigned Verdict—Record.*—It is not necessary that
a verdict which was received in open court and recorded by the
clerk should be signed by the foreman of the jury.

6. CRIMINAL LAW—*Evidence of Character—Instructions.*—In a criminal
prosecution it is not error to refuse to instruct the jury "that the
character of the accused, good or bad, when proved, may always
be received and weighed by them in favor of or against him, as the
case may be," and, in lieu thereof, to instruct "that the character
of a prisoner, when proven, whether good or bad, is a fact to be
considered by the jury, but its weight as affecting the guilt or inno-
cence of the prisoner is a matter for the determination of the jury
in connection with other facts proven in the case."

7. CRIMINAL LAW—*Rape—Difficulties of Proof—Instruction—Argument.*—
In a prosecution for rape it is entirely proper for the prisoner's
counsel to argue before the jury "that accusations of this sort are

*Recently directed to be reported.

easily made, hard to be proved, and still harder to be defended by
one ever so innocent," but this language is not proper as an inde-
pendent instruction, and it is not error to refuse to give it as such.

Error to a judgment of the Hustings Court of the city of
Manchester, rendered October 4, 1894, sentencing the prisoner
to the penitentiary for a period of twelve years, on a prosecution
for rape.

*Affirmed.*

The opinion states the case.

*W. H. Garnett* and *E. P. Cox*, for the plaintiff in error.

*R. Carter Scott*, for the Commonwealth.

RIELY, J., delivered the opinion of the court.

It is objected that the record does not show that the jury was
duly sworn. It recites that the jurors "were sworn the truth of
and upon the premises to speak." In *Brown* v. *Com.*, 86 Va.
466, this was held to be sufficient, the presumption being that
the oath was in due form. See, also, 3 Rob. Prac. 177, and
*Com.* v. *Stephen*, 4 Leigh, 679. The prisoner, by counsel,
entered a general demurrer to the indictment, which the court
overruled; and it is objected that the record does not show that
there was a joinder in the demurrer. This is not an available
error here. *Miller* v. *McLuer*, Gilmer, 338.

It is next objected that the court instructed the jury orally
as to what constitutes the offence of rape, instead of in writing.
Even if it were error for the court to fail to reduce its instruction
to writing, it does not appear that the prisoner excepted on this
ground, or that he excepted at all to the instruction, or what
the court instructed. It is a common practice of the trial courts
to instruct the jury orally as to the law of the case, and, unless
objected to at the time for some good reason, it is not error to
do so. *Booth's Case*, 4 Gratt. 525.

It is further objected that the record does not show that the indictment was signed by the foreman of the grand jury. This was unnecessary, and it has been so held by this court. *Price's Case*, 21 Gratt. 846, and *White's Case*, 29 Gratt. 824.

It is also assigned as error that the verdict was not signed by the foreman of the jury, or rendered in open court. It was received by the court, and recorded by the clerk. It was unnecessary that it be also signed. *Wood's Case*, 86 Va. 934. It is plain from the record that it was rendered in open court. Immediately upon its being rendered, the prisoner, by his counsel, moved the court to set it aside, and grant him a new trial. This objection is without merit, as is also the objection to the form of the verdict.

Exception was also taken to the refusal of the court to instruct the jury "that the character of the accused, good or bad, when proved, may always be received and weighed by them in favor of or against him, as the case may be," and in giving, in lieu thereof, the following instruction: "That the character of a prisoner, when proven, whether good or bad, is a fact to be considered by the jury, but its weight as affecting the guilt or innocence of a prisoner is a matter for the determination of the jury, in connection with the other facts proven in the case." The instruction, as amended, correctly stated the law, and was properly given to the jury. We do not mean to say that the instruction as asked for was not correct. It was in the words of the instruction given in *Briggs' Case*, 82 Va. 554, and approved by this court; but the amended instruction given by the court in this case wholly covered it, and was so expressed as to prevent the jury from being misled, which was possible in the form in which it was asked.

The court was also asked to give the following instruction: "That accusations of this sort are easily made, hard to be proved, and still harder to be defended by one ever so innocent"; which it refused to do, upon the ground that the instruction was rather

a statement of the conclusion of the judicial mind from experience in the trial of this class of offences than an enunciation of a principle of law, and, besides, that, as an instruction in this case, it was irrelevant and without application; but, while refusing it as an instruction, the court added that it would allow the counsel for the prisoner to make to the jury' the statement embodied in the instruction. The reasons given by the court for its refusal to give the instruction are a sufficient answer to this bill of exceptions. The oft-repeated observation of Lord Hale, which it was here attempted to put in the form of an instruction, was entirely proper by way of argument to the jury, but not as an independent instruction.

The last assignment of error relates to the refusal of the court to set aside the verdict, because contrary to the law and the evidence, and award the prisoner a new trial. The evidence is not of a nature to be discussed. It must suffice to say that we have carefully read and considered it, and that it fully justifies the verdict.

There is no error in the judgment of the Hustings Court, and it is therefore affirmed.

*Affirmed.*