[Crim. No. 968. Second Appellate District, Division One.—July 18, 1923.]

## THE PEOPLE, Respondent, v. G. H. KNIGHT, Appellant.

[1] CRIMINAL LAW — LEGALITY OF COMMITMENT — JURISDICTION — APPEAL.—The defendant in a criminal action cannot on appeal from the judgment of conviction and from the order denying him a new trial make the objection that the trial court had no jurisdiction of the case for the reason that the preliminary examination was held before a city recorder (of a city of the fifth class), where the record does not show that the defendant moved to set aside the information on the ground that before the filing thereof he had not been legally committed by a magistrate.

[2] ID.—LEGAL COMMITMENT—RECORD—PRESUMPTION.—On appeal from a judgment of conviction and from an order denying a new trial, it will be presumed, in the absence of a showing to the contrary, that the defendant had been legally committed by a magistrate.

[3] ID.—CORROBORATION OF PROSECUTRIX—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.—In a prosecution for the commission of lewd and lascivious conduct upon the body of a female person under the age of fourteen years, an instruction that it is not essential that the testimony of the prosecutrix "be corroborated in the testimony of other witnesses as to the particular acts constituting the offense; it is sufficient if you believe from her evidence and all of the other testimony and circumstances in proof in the case, beyond a reasonable doubt, that the crime charged has been committed," constitutes a correct statement of the law; and if the defendant desires a further instruction to the effect that the testimony of a child of tender years ought to be viewed with great care and caution and without bias and prejudice, he should request it.

---

3. Competency of infants as witnesses, notes, 14 Ann. Cas. 3; Ann. Cas. 1916C, 424.

[4] ID. — PRESUMPTIONS — IMPEACHMENT OF WITNESS — EVIDENCE — INSTRUCTIONS.—In such a prosecution, the defendant could not be prejudiced by a general instruction, in conformity with the provisions of sections 1647 and 2051 of the Code of Civil Procedure, concerning the presumptions attending the testimony of a witness, and the manner in which such presumptions may be repelled, and the manner in which a witness may be impeached, even if there is no impeaching testimony in the case.

[5] ID.—INDIVIDUAL OPINION OF JURORS—INSTRUCTIONS.—In a criminal prosecution, although an instruction "that the defendant in this case is entitled to the individual opinion of each member of this jury, and that no member of this jury should vote for a conviction of the defendant because of the opinion of the other members of the jury, so long as he has a reasonable doubt as to the guilt or innocence of the defendant," is correct as a statement of law, the refusal to give such instruction does not constitute reversible error where the jury is instructed that the presumption of innocence exists, and continues until the defendant's guilt is established to a moral certainty and beyond all reasonable doubt, and that this presumption attaches at every stage of the case and to every fact essential to a conviction.

[6] ID.—REASONABLE DOUBT—BURDEN OF PROOF—INSTRUCTIONS.—In a criminal prosecution, it is not error to refuse a requested instruction on the subject of reasonable doubt, and concerning the necessity of proving the defendant's guilt by more than a preponderance of the evidence, before the defendant can be convicted, where the court gives an adequate instruction on that subject in what might be called the common form of such instruction, which many times has been sustained.

[7] ID.—SEPARATION OF JURORS—ENTRY OF JURY-ROOM—MISCONDUCT OF OFFICER.—The fact that the officer in charge of the jury allowed the jury to separate in the manner stated, after the case was submitted to them, and that he entered the jury-room and was with the jury on four different occasions during the time of its deliberations, is not sufficient to justify a new trial, where there is nothing to show that any of these occurrences included any discussion of the case or any fact prejudicial to defendant.

[8] ID.—TESTIMONY OF PROSECUTRIX—PROVINCE OF JUDGE AND JURY—SUFFICIENCY OF EVIDENCE.—In this prosecution for the commission of lewd and lascivious conduct upon the body of a female person under the age of fourteen years, the trial court having determined that the prosecutrix, a child of only seven years, had sufficient intelligence and maturity to be accepted as a witness, and the jury having believed her statements, that testimony was legally sufficient to prove the facts which establish the commission of the crime.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Wright, D. M. Edwards and J. C. Thomas for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—This is an appeal by the defendant from the judgment and from an order denying his motion for a new trial in an action wherein he was convicted of the crime of felony, to wit, lewd and lascivious conduct committed upon the body of a female person under the age of fourteen years.

The brief on behalf of appellant reviews the case in narrative form without properly separating under distinct heads the points relied upon. This is a too common fault. It should not be made necessary for the court to exhume, parcel out, and number, in order to identify the propositions upon which an appellant relies. If we have successfully discovered the grounds of appeal herein, the points relied upon are those hereinafter considered.

[1] It is claimed that the trial court had no jurisdiction of the case for the reason that the preliminary examination was held before the city recorder of the city of Porterville, and that said city recorder "had not jurisdiction to issue a criminal complaint or warrant of arrest on a charge of felony." The city of Porterville is a city of the fifth class. The recorder of such a city has the powers of a magistrate. (Municipal Corporations Act [Stats. 1883, p. 265], secs. 806, 807.) As a magistrate he would have authority to conduct examinations on criminal complaints. (Pen. Code, secs. 811 and 872; Const., art. I, sec. 8.) Since it does not appear that the defendant moved to set aside the information on the ground that before the filing thereof he had not been legally committed by a magistrate, the defendant cannot now make that objection. (Pen. Code, secs. 996 and 995.) Moreover, the record does not show that the commitment preceding the

filing of the information was a commitment issued by said city recorder. [2] In the absence of a showing to the contrary, it will be presumed that the defendant had been legally committed by a magistrate.

It is suggested that while the jury was being selected the court erroneously made a statement to the effect that "when juries are impaneled, it is for the purpose of securing verdicts, and while a juror should not surrender his individual opinion, it would be the duty of every juryman to consult freely with other jurors, and see if there is evidence to change it"; that at the same time the court erroneously refused to allow counsel for defendant to further interrogate the juror then under examination; and that the court erred in peremptorily excusing said juror at the instance of the district attorney before all of the prospective jurors then in the jury-box had been examined. The quoted statement contains no error. The court did not refuse to allow further questioning of the juror. The excusing of the juror at the time stated was a mere matter of procedure, and there is nothing to show that the procedure adopted was in any way injurious to the rights of the defendant.

[3] The court instructed the jury as follows: "The court further instructs the jury that it is not essential to a conviction in this case that the prosecutrix, . . . should be corroborated in the testimony of other witnesses as to the particular acts constituting the offense; it is sufficient if you believe from her evidence and all of the other testimony and circumstances in proof in the case, beyond a reasonable doubt, that the crime charged has been committed." Appellant claims that this instruction was erroneous because it did not instruct the jury that the testimony of a child of tender years ought to be viewed with great care and caution and without bias and prejudice, and that such a charge as that against the defendant in this case is one easily made, but hard to disprove. The instruction as given is a correct statement of the law. If the defendant desired to have an instruction given on the point suggested he might have asked for it; but his counsel does not claim that he made any such request.

[4] The court gave an instruction concerning the presumptions attending the testimony of a witness, and the manner in which such presumptions may be repelled, and

the manner in which a witness may be impeached. Substantially, this instruction conforms to the provisions of sections 1847 and 2051 of the Code of Civil Procedure. Appellant claims that the giving of this instruction was erroneous for the reason that there was no testimony before the jury to warrant such instruction, and for the further reason that it was an instruction upon the weight of the testimony. We find nothing in the instruction that can be construed as an instruction upon the weight of testimony or upon the facts of the case. Even if, as claimed by counsel, there was no impeaching testimony in the case, appellant could not have been prejudiced by a general instruction of this kind which included a reference to the lawful methods by which witnesses may be impeached.

[5] Appellant contends that the court erred in refusing to give the following instruction requested by him: ''You are instructed that the defendant in this case is entitled to the individual opinion of each member of this jury, and that no member of this jury should vote for a conviction of the defendant because of the opinion of the other members of the jury, so long as he has a reasonable doubt as to the guilt or innocence of the defendant.'' In view of the other instructions given, the refusal of this instruction, although it is correct as a statement of law, is not a sufficient reason for reversal of the judgment. (*People* v. *Kiser,* 24 Cal. App. 540, 548 [141 Pac. 1078]; *People* v. *Perry,* 144 Cal. 748, 756 [78 Pac. 284].) The court did instruct the jury that the presumption of innocence exists, and continues until the defendant's guilt is established to a moral certainty and beyond all reasonable doubt, and that this presumption attaches at every stage of the case and to every fact essential to a conviction.

[6] Appellant's claim that the court erred in refusing to give an instruction requested by him on the subject of reasonable doubt, and concerning the necessity of proving the defendant's guilt by more than a preponderance of the evidence, before the defendant can be convicted, is sufficiently answered by the fact that the court gave an adequate instruction on that subject in what might be called the common form of such instruction, which many times has been sustained.

[7]   Appellant claims that he is entitled to a new trial upon the ground that after the case was submitted to the jury the officer in charge of the jury was guilty of misconduct in that he allowed the jury to separate, and himself entered the jury-room and was with the jury on four different occasions during the time of its deliberations.   The separation of the jury consisted in the fact that the officer allowed the jury to leave the jury-room and go down the hall to the toilet, during which time a portion of them were talking in the hallway, where a number of other persons were present.   There is nothing in the affidavits tending to show that any of these occurrences of which complaint is made included any discussion of the case or any fact prejudicial to the defendant.   While it may properly be said that the officer did not strictly conform to the proprieties pertaining to his duty in caring for the jury, we are satisfied that there is nothing in the facts shown which would furnish a sufficient cause for granting a new trial.

[8]   Finally, it is contended that the evidence is not sufficient to justify the conviction of the defendant; particularly that the testimony of the witnesses does not show that any of them knew the date of the alleged offense, and that there is no testimony denying the testimony of the defendant to the effect that he was not present between 1 o'clock and 5 o'clock of the sixteenth day of August, 1922, at the place where the prosecution claims the offense was committed. The prosecuting witness fixed the time as the afternoon of a day when her father "went to Coalinga," and the place as the Southern Pacific depot, where defendant was employed, and near which the prosecuting witness lived.   The mother of the child testified to the fact that on said sixteenth day of August her little girl, Vivian, with a companion named Mary, was out playing that afternoon at or after half-past 2, and came back at about a quarter of 4.   That evening she told her mother about "this affair."   The girl Mary testified that at about 3 o'clock on the day of the affair in question she and Vivian visited the depot, and that the defendant was there, but that the witness went away and left Vivian with Mr. Knight at the depot.   The testimony of Vivian, describing the conduct of the defendant, is sufficient to establish the commission of the offense as charged.   While the child was only seven years old, yet the court determined, as it

was authorized to do, that she had sufficient intelligence and maturity to be accepted as a witness. The jury believed her statements. They are legally sufficient to prove the facts which establish the commission of the crime.

The judgment and order are affirmed.

Houser, J., and Curtis, J., concurred.