IN THE MATTER OF THE APPLICATION OF LUCAS CANDIDO FOR A WRIT OF HABEAS CORPUS.

No. 1994.

Filed June 6, 1931.                    Decided June 9, 1931.

Perry, C. J., Banks and Parsons, JJ.

*Per Curiam.* The petitioner asks for a rehearing on four grounds. The first is that the court "inadvertently

failed to decide * * * the indispensable question of whether or not it had jurisdiction of the cause, that is, whether or not *habeas corpus* is the proper remedy." Clearly this question was not overlooked. In our opinion we stated that "in the view which we take upon the main issue argued in this case it is unnecessary to decide whether the writ of *habeas corpus* may be used to test in advance the power of the warden of Oahu prison to inflict a flogging upon an incorrigible prisoner as a disciplinary measure." The consideration and decision of the main issue necessarily proceeded upon the assumption that the court had jurisdiction of the cause and that *habeas corpus* was a proper remedy. We cannot understand what more the petitioner could hope for from a consideration and decision of the propriety of *habeas corpus* proceedings in such a case,—the only alternative result possible being the conclusion that *habeas corpus* was not a proper remedy and that the petition should for that reason be dismissed.

The second ground is that the court "inadvertently overlooked the case of *In re Apuna,* 6 Haw. 732 * * * with reference to the statutory power to make rules and regulations" governing the acts of the prison board in its dealings with prisoners. In the *Apuna* case the sentence of the circuit court was that the prisoner should pay a fine of three hundred dollars and costs. The mittimus commanded the marshal "to receive the said Apuna into your custody, and see the above sentence duly executed." The fine not being paid, the marshal "held" the prisoner "to hard labor." A writ of *habeas corpus* was thereupon sued out to test the right of the marshal to exact hard labor. There was no attempt by the marshal to discipline the prisoner or to impose upon him any punishment for infraction of prison rules. The sole question was whether under a mittimus to execute a sentence of fine the marshal had the power upon failure of the prisoner to pay the

fine to hold him under imprisonment at hard labor. The court held that the discretionary power to order imprisonment with or without hard labor in case of nonpayment of the fine rested with the court which imposed the sentence and not with the marshal. For that reason and no other imprisonment at hard labor was held illegal and the petitioner was discharged. The question in the case at bar, whether the prison board was given by statute the power to order flogging of a prisoner for breach of prison rules, did not arise in the *Apuna* case and did not receive the slightest consideration.

The third ground is that the court "inadvertently overlooked the effect of this decision *In re Apuna, supra,* as a judicial construction of what is now section 1544 of the Revised Laws of Hawaii, 1925, as amended by Act 28 of the Session Laws of 1931, and the rules and regulations of the prison board made under such statutory authority." This is disposed of by what has been said above.

The fourth ground is that the court "inadvertently overlooked the legal meaning of express authority in holding that the power to make rules and regulations was tantamount to express statutory authority." This subject was fully considered and treated in the opinion filed.

The petition is denied, without argument, under the rule.

*E. J. Botts* and *F. Patterson* for the petition.