[Crim. No. 1605.   Third Appellate District.—June 23, 1938.]

THE PEOPLE, Respondent, v. JOSEPH GARRETT, Appellant.

James F. Gaffney for Appellant.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant in this action was tried upon an information containing two counts.   Count 1 charged the commission of an offense prohibited by section 288 of the Penal Code.   Count 2 charged the commission of an offense described in section 288 (a) of the Penal Code.

The defendant was convicted upon count 1, and found not guilty on count 2.   From the order of the court denying his motion for new trial as to count 1, and the judgment of conviction entered on the verdict of guilty of said count, this appeal is prosecuted.

During the course of the trial the defendant submitted to the court ten different proposals of instructions, only one of which was given. The prosecution submitted some fifteen or seventeen proposed instructions, which were given by the court. We have carefully examined the instructions, both given and refused, and with the exception of proposed instruction No. 4, presented by the defendant, we are of the opinion that the instructions given at the request of the People properly presented to the jury all of the directions necessary for their guidance in considering the testimony in the case. Proposed instruction No. 4, submitted by the defendant, was and is what is called a "cautionary" instruction. ■ Nothing of the kind was given in this case. The child involved in this action was only ten years of age. The offense is alleged to have been committed in broad daylight, in a room where the doors were open, and in a house occupied by other people. All the testimony in the transcript has been carefully read and there is not a scintilla of corroborative evidence contained therein. There is considerable testimony indicating the previous good character of the defendant, some testimony indicating that the child in question was not wholly reliable.

During the course of the trial the child was placed on the stand in the forenoon and denied the commission of any offense prohibited by section 288, *supra*. After the noon adjournment the child was again placed upon the stand, and the following testimony was submitted:

"Q. Now, Yvonne, you testified this morning concerning the time that you were in Mr. Garrett's room after June 11th, the day school was out. A. Yes. Q. Do you remember that? A. Yes. Q. Now, I want you to think of that time right now, and I will ask you this question: Did Mr. Garrett ever place his hands upon you at that time? A. Yes. Q. And where? A. In his room. Q. And where on you? A. My private parts. Q. And what did he do? . . . Q. Now, what did he do with his hands? A. Just rubbed me. Q. Just rubbed you, did he? And this was at that time in his room, is that correct? A. Yes. Q. Now, you didn't testify that this morning, did you? A. No. Q. And why was that? A. Well, I guess I was scared because I thought my father and mother would be here, and they weren't. Q. You thought your father and mother would be here, is that right? A. Yes.

*"Cross-Examination:*

"Q. Who have you talked to about this matter, Yvonne? A. Nobody. Q. Since you testified this morning? A. Mr. Lawrence and my mother and father. Q. Did any one of those remind you of something you had forgotten? A. Yes. Q. Before the trial today, who have you talked to about this? A. Nobody. Q. Nobody? Talk to Mr. Lawrence in the District Attorney's office? A. Oh, what do you mean, before the trial or— Q. Yes. . . . Any time at all. Who have you talked to about it? A. Just Mr. Lawrence before this morning, and my mother and father. Q. And your mother and father? A. My mother and father. Q. Anybody tell you what to say? A. No. Q. You are sure of that? A. They just mentioned it to me, to say a few things; I don't remember what they were. Q. Well, then, they have told you what—what to testify to? A. Yes. Q. Who told you that, Yvonne? A. My mother and father, and Mr. Lawrence."

As justifying the refusal of the court to give a cautionary instruction, the People rely principally upon the case of *People* v. *Anthony,* 185 Cal. 152 [196 Pac. 47]. While it is held in that case that error could not be predicated upon refusal to give the instruction involved in that case, an examination of the record shows that the cause was reversed for other reasons, and that the instruction asked for in the Anthony case went much farther than simply cautioning the jury to scan the testimony of the prosecuting witness very carefully. Likewise, in the Anthony case there was testimony as to the bad character of the defendant and his lascivious conduct in other instances, which constituted corroborative testimony as to the disposition of the defendant. This case finds support in the opinion in the case of *People* v. *Agullana,* 4 Cal. App. (2d) 34 [40 Pac. (2d) 848]. However, in the opinion in that case it is stated that there was sufficient corroboration of the testimony of the prosecuting witness.

As opposed to the cases just cited, which were based upon circumstances showing additional reasons for the verdict of the jury, the defendant calls our attention to the case of *People* v. *Vaughan,* 131 Cal. App. 265 [21 Pac. (2d) 438]. In the Vaughan case two errors, however, were committed: First: In limiting the cross-examination of the prosecuting

witness; second: Refusal to give a cautionary instruction. This case is especially well reasoned and sets forth the circumstances and conditions under which a cautionary instruction should be given.

A careful reading of the cases which we have just mentioned leads to the conclusion that where there is corroborative evidence, it is not prejudicial error for the court to refuse to give a cautionary instruction; while at the same time the courts are practically unanimous in holding that it is not improper to give a cautionary instruction when offenses such as that prohibited by section 288, *supra*, are involved. The similarity between the Vaughan case and the case at bar consists in this: In the Vaughan case the cross-examination was improperly limited. In the present case we have the testimony of a child showing that she was coached a very short time before going on the stand and giving her testimony at the afternoon session of the court. Under these circumstances we think that the holding of the court in the Vaughan case as to failure to give a cautionary instruction, is applicable here. To use stronger language, it seems contrary to one's sense of justice that a defendant should be convicted upon the uncorroborated testimony of a ten year old child who admits that she has been told what to say, that is, that she was coached as to her testimony. The question immediately arises: Was the defendant convicted upon the testimony of the child, or was he convicted upon the testimony of what the father and mother told her to say?

Under the circumstances disclosed herein, we think that section 4½ of article VI of the Constitution does not come to the aid of the prosecution, or justify us in holding that prejudicial error has not been committed. With the testimony in the record showing that the prosecuting witness was coached, we cannot hold that the defendant has had a fair and impartial trial. The jury should have been cautioned to scan such testimony carefully before finding the defendant guilty upon the testimony of a witness who had been told what to say.

The order and judgment are reversed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 7, 1938.