[Crim. No. 4425. In Bank. Sept. 29, 1942.]

THE PEOPLE, Respondent, v. ROY J. PUTNAM, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Appellant, convicted of violating section 288 of the Penal Code, appeals from the judgment and from an order denying a motion for a new trial.

■ Appellant contends at the outset that the trial court erred in denying his motion, made under section 995 of the Penal Code, to strike the information ''on account of the insufficiency of the preliminary transcript.'' At the preliminary hearing the complaining witness, a boy twelve years old, testified as follows: He was playing in Westlake Park in the city of Los Angeles on April 9, 1941, when appellant offered him a job distributing handbills. He accepted the job and the following day met appellant in the park at an appointed time, and was told that appellant had to go home to change his clothes and then had to go to the printer's to get the bills because they weren't ready. The boy accompanied appellant in the latter's car to his lodgings a short distance from the park. During the ride appellant placed his hand on the boy's leg and in the words of the witness ''on the way over to the house . . . he kept feeling my private parts.'' When they arrived at a rooming house they went to the room of appellant, who proceeded to change his clothes in the boy's presence, and asked if the witness wanted to see his private parts. The boy said no, and did not see them. Appellant also asked the boy if he knew what his own private parts were. While appellant was engaged in changing his clothes, he again felt the boy's private parts. A few minutes later they left the house and the complaining witness told appellant to ''get a new boy, I'm through,'' and ran home and reported the incident to his mother. At the hearing the boy's mother corroborated the complaint made by her son. The manager of appellant's rooming house testified that she saw the complaining witness in the company of appellant at the rooming house on the day in question. The foregoing testimony is sufficient to establish that there was reasonable or probable cause for appellant's commitment, and that the trial court did not abuse its discretion in denying the motion to set aside the information. (*In re McCarty*, 140 Cal. App. 473 [35 P. (2d) 568]; *In re Mesquita*, 139 Cal. App. 91 [33

P. (2d) 459]; *Ex parte Heacock*, 8 Cal. App. 420 [97 Pac. 77].)

Appellant contends that the order denying his motion was based, not on the evidence presented at the hearing, but upon a statement by the prosecuting officer that additional evidence would be presented at the trial. The argument on the motion and the comments of the trial judge reveal that the commitment was based upon the examination of the witnesses. Although at one time during the hearing on the motion the trial judge remarked, ''I am frank to state that the showing on the part of the People, in my opinion is very slight here,'' he later stated, in denying the motion, that he could not ignore the statement of the complaining witness, ''That he kept feeling my private parts.''

Appellant lays great emphasis upon the contention that the trial court erred in refusing to give a cautionary instruction offered by appellant. Cautionary instructions in criminal prosecutions for sex offenses originated with the observation of Sir Matthew Hale that rape is ''an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent.'' (1 Pleas of the Crown 634. See *People* v. *Benson*, 6 Cal. 221 [65 Am. Dec. 506]; *People* v. *Rogers*, 26 Cal. App. (2d) 371 [79 P. (2d) 404]; *Magwire* v. *People*, 77 Colo. 149 [235 Pac. 339]; *Doyle* v. *State*, 39 Fla. 155 [22 So. 272, 63 Am. St. Rep. 159]; *State* v. *Loomer*, 105 Kan. 410 [184 Pac. 723]; *State* v. *Lightheart*, 153 Minn. 40 [189 N. W. 408]; *Crump* v. *Com.*, 98 Va. 833 [23 S. E. 760].) In a number of jurisdictions such instructions are regarded as an improper invasion of the province of the jury. (*Doyle* v. *State, supra*; *Black* v. *State*, 119 Ga. 746 [47 S. E. 370]; *State* v. *Peterson*, 102 Mont. 495 [59 P. (2d) 61]; *State* v. *Birchard*, 35 Ore. 484 [59 Pac. 468]; *State* v. *Rutledge*, 63 Utah 546 [227 Pac. 479]; *Crump* v. *Com., supra*; see *People* v. *Anthony*, 185 Cal. 152 [196 Pac. 47]; *People* v. *Barnett*, 99 Cal. App. 409 [278 Pac. 885]; *People* v. *Hoosier*, 24 Cal. App. 746 [142 Pac. 514].) In some jurisdictions their allowance or refusal is wholly within the discretion of the trial court. (*Magwire* v. *People, supra*; *State* v. *Trusty*, 122 Iowa 82 [97 N. W. 989]; *State* v. *Loomer, supra*; *Strand* v. *State*, 36 Wyo. 78 [252 Pac. 1030]; *Territory* v. *Bodine*, 32 Haw. 28. See, also, *People* v. *Barnett, supra*; *People* v. *Fraysier*, 36 Cal. App. 579 [172 Pac. 1126]; *People* v. *Currie*, 16 Cal. App. 731 [117 Pac. 941].) In still others failure to give such instruc-

tions constitutes error and ground for reversal of judgments of conviction. (*People* v. *Adams*, 14 Cal. (2d) 154 [93 P. (2d) 146] ; *People* v. *Vaughan*, 131 Cal. App. 265 [21 P. (2d) 438] ; *People* v. *Garrett*, 27 Cal. App. (2d) 249 [81 P. (2d) 241] ; *Conners* v. *State*, 47 Wis. 523 [2 N. W. 1143] ; *Rex* v. *Parkin*, 31 Manitoba 438.) Any uncertainty as to the right of a defendant to such protection in this state was dispelled by this court in *People* v. *Lucas*, 16 Cal. (2d) 178 [105 P. (2d) 102, 130 A. L. R. 1485], stating: ''We are firmly of the view that in all cases of this character the defendant should be afforded the benefit of a cautionary instruction as was here requested to the general effect that such a charge is easily made and difficult to disprove for which reason the testimony of the prosecuting witness should be examined with caution.'' (Compare *People* v. *Rangod*, 112 Cal. 669 [44 Pac. 1071] ; *People* v. *Knight*, 63 Cal. App. 63 [218 Pac. 79] ; *People* v. *Hoosier, supra*, which were decided before trial courts were authorized to comment on the evidence.)

The instruction that appellant requested was: ''You are hereby instructed to view with great care and caution the testimony of a child of immature years.'' The court properly refused to give this instruction, for it would have failed to instruct the jurors of the difficulty of defending against the charges made. Although ordinarily the jury need not be advised as to the reasons for the rule of law in an instruction, the facility with which charges of the kind here involved may be invented places the defendant in a peculiarly vulnerable position, usually with no defense except his own denial of the asserted misconduct. The defendant is entitled to have the jurors informed that the charges made against him are ''easily made and difficult to disprove'' and that ''the testimony of the prosecuting witness should be examined with caution.'' (*People* v. *Lucas, supra*.) A simple admonition to view the testimony of the complaining witness with caution would be inadequate and misleading, for it would convey the impression that for undisclosed reasons the trial judge distrusts the testimony of the particular witness. (See *People* v. *Rudolph*, 28 Cal. App. 683 [153 Pac. 721] ; *People* v. *Kawasaki*, 23 Cal. App. 92 [137 Pac. 287].) The cautionary instructions approved by the appellate courts of this state as well as others in cases like the present one have embodied the reasons that prompted them. (*People* v. *Adams*, 14 Cal. (2d) 154 [93 P. (2d) 146] ; *People* v. *Gar-*

*rett,* 27 Cal. App. (2d) 249 [81 P. (2d) 241]; *People* v. *Vaughan, supra; People* v. *Hewitt,* 78 Cal. App. 426 [248 Pac. 1021]; *People* v. *Fraysier, supra; People* v. *Currie,* 16 Cal. App. 731 [117 Pac. 941].)

The particular instruction requested in this case, stressing the witness's immaturity and seeking to have his testimony viewed with caution for that reason alone, was rejected by the trial court, probably because it did not apply to the evidence and circumstances of the case. (*People* v. *Maughs,* 149 Cal. 253 [86 Pac. 187]; *People* v. *Modina,* 146 Cal. 142 [79 Pac. 842]. See, also, cases cited in 8 Cal. Jur., p. 321.) There is no general rule that the testimony of children admittedly competent as witnesses is less trustworthy than the testimony of older persons; hence there is ordinarily no occasion for a cautionary instruction on that basis. (See cases cited in 27 Cal. Jur. 181.) In the present case the complaining witness was twelve years old, well above the age of the incompetent child witness envisaged in subdivision 2 of section 1880 of the Code of Civil Procedure.

While the trial court did not err in refusing the particular instruction requested, it does not follow that it was justified in failing to give an appropriate instruction. (See *People* v. *Frey,* 165 Cal. 140 [131 Pac. 127]; *People* v. *Tapia,* 131 Cal. 647 [63 Pac. 1001].) It is incumbent upon a court in a criminal case to instruct the jury of its own motion, charging them fully and fairly upon the law relating to the facts of the case. (*People* v. *Warren,* 16 Cal. (2d) 103 [104 P. (2d) 1024]; *People* v. *Scofield,* 203 Cal. 703 [265 Pac. 914]; *People* v. *Nudo,* 38 Cal. App. (2d) 381 [101 P. (2d) 162]; *People* v. *Curran,* 24 Cal. App. (2d) 673 [75 P. (2d) 1090]; *People* v. *Best,* 13 Cal. App. (2d) 606 [57 P. (2d) 168]; see 8 Cal. Jur. 309.) The court is not relieved of the duty to give instructions whose necessity is "developed through the evidence introduced at the trial." (*People* v. *Warren, supra.*) An instruction is necessary if it is vital to a proper consideration of the evidence by the jury. (*People* v. *Warren, supra; People* v. *Tapia, supra; People* v. *Heddens,* 12 Cal. App. (2d) 245 [55 P. (2d) 230].) Accordingly, it has been held that the court must of its own motion instruct the jury in criminal cases with respect to accomplices and their testimony (*People* v. *Warren, supra; People* v. *Heddens, supra*), corroborative evidence in cases involving the obtaining of property by false pretenses (*People* v. *Curran, supra*), testimony of expert witnesses (*People* v. *Williamson,* 134 Cal.

App. 775 [26 P. (2d) 681]), admission of confessions and the necessity of independent proof of the corpus delicti (*People* v. *Frey, supra* (murder)), definition of manslaughter in prosecution for murder where evidence might sustain verdict of manslaughter (*People* v. *Manzo*, 9 Cal. (2d) 594 [72 P. (2d) 119]), and presumption of innocence and burden of proof (*People* v. *Matthai*, 135 Cal. 442 [67 Pac. 694] ; *People* v. *Soldavini*, 45 Cal. App. (2d) 460 [114 P. (2d) 415].)

A cautionary instruction in cases like the present one is necessary to insure a proper consideration of the evidence by the jury. It has long been recognized that there is no class of prosecutions ''attended with so much danger or which afford so ample an opportunity for the free play of malice or private vengeance.'' (*People* v. *Benson, supra; see People* v. *Lucas, supra; People* v. *Adams, supra; People* v. *Baldwin*, 117 Cal. 244, 249 [49 Pac. 186] ; *People* v. *Vaughan, supra.*) Thus in the Adams case this court observed that ''As a matter of practical observation to many judges who have presided over trials of this nature, it is plainly recognized that, notwithstanding the salutary rule that an accused is presumed to be innocent until his guilt has been established beyond a reasonable doubt, nevertheless to the mind of the average citizen or juror, the mere fact that a person has been accused of the commission of such an offense seems to constitute sufficient evidence to warrant a verdict of 'guilty'; and that—instead of its being necessary for the prosecution to prove his guilt beyond a reasonable doubt—in order to secure an acquittal of the charge, it becomes incumbent upon the accused to completely establish his innocence, and to accomplish that result not only by a preponderance of the evidence but beyond a reasonable doubt.''

The requirement of cautionary instructions in cases like the present one is prompted by the same considerations that necessitate instructions with respect to corroborative evidence. (See *People* v. *Benson, supra; People* v. *Miller*, 27 Cal. App. (2d) 722 [81 P. (2d) 567] ; *People* v. *Garrett, supra; People* v. *Vaughan, supra; People* v. *Caldwell*, 55 Cal. App. 280 [203 Pac. 440].) No corroboration is required in cases like the present one since it is ordinarily precluded by the very nature of the offense. (*People* v. *Troutman*, 187 Cal. 313 [201 Pac. 928] ; *People* v. *Spillard*, 15 Cal. App. (2d) 649 [59 P. (2d) 887] ; *People* v. *Von Benson*, 38 Cal. App. (2d) 431 [101 P. (2d) 527].) The rule permitting a conviction on the uncorroborated

testimony of the prosecuting witness is necessary to protect the public but it needs a counterweight to protect the accused. The policy that requires the court to instruct of its own motion on the law relative to corroboration imposes a corresponding duty to give cautionary instructions, for the very secrecy that precludes corroboration also precludes effective denial. The ordinary reaction to an accusation of a sex offense usually committed in secret is that the offense has been committed, and a necessary safeguard against injustice is a warning to view such accusations cautiously.

The circumstances of the case must determine whether the failure to instruct the jury constitutes prejudicial error. (*People* v. *Britton,* 6 Cal. (2d) 10 [56 P. (2d) 491].) In *People* v. *Garrett, supra,* a judgment of conviction for violation of section 288 of the Penal Code, resting upon the uncorroborated testimony of a ten-year-old child who apparently had been coached before testifying was reversed for refusal of the trial court to give a cautionary instruction. (See, also, *Conners* v. *State, supra.*) In *People* v. *Lucas, supra,* a failure to give a cautionary instruction did not constitute reversible error where an examination of the record disclosed that the evidence clearly pointed to the appellant's guilt. It is apparent from the record in the present case, however, that the failure to give a cautionary instruction was prejudicial and that a different verdict would not have been improbable had the error not occurred. The complaining witness, a twelve-year-old boy, testified that while he was riding in appellant's automobile appellant placed his hand on the boy's leg. When asked to show where, he placed his hand, according to the court's description, ''pretty close to the groin, I would say, on the front of the leg though, right directly on the front of the leg opposite the groin.'' The witness went on to testify that during a drive of from five to ten minutes appellant rubbed and patted his leg approximately nine or ten times; that after arriving at appellant's rooming house appellant changed his clothes in the boy's presence, meanwhile asking the boy if he wanted to see appellant's private parts; and that while at the rooming house appellant again patted the witness' leg. The testimony disclosed that appellant did not at any time touch the boy's bare skin or make any attempt to unfasten his trousers. The witness, having testified that appellant ''felt'' or ''touched'' his private parts while they were driving to appellant's rooming house, was interrogated by the

court as follows: "Q. Did he ever take your private parts in his hand? A. No, he did not. He felt them. Q. How did he feel them? A. He ran his hand over them. Q. How many times? A. Only the once." At the preliminary hearing the witness testified that while driving in the car appellant placed his hand on the witness' leg only three or four times and when asked if appellant then touched his private parts, answered that "he did in the house." Appellant denied the charges. The jury was properly instructed that a witness is presumed to speak the truth, but it was not cautioned as to the testimony of the prosecuting witness. In view of the circumscribed extent of the acts alleged and the inconsistencies in the witness' testimony, it is doubtful whether the same verdict would have been rendered had the cautionary instruction been given.

The judgment and the order denying the motion for new trial are reversed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Peters, J. pro tem., concurred.