[L. A. No. 21591.   In Bank.   Nov. 13, 1950.]

RAYMOND DELZELL et al., Appellants, v. PATRICK J. DAY et al., Respondents.

350

A. V. Falcone for Appellants.

C. F. Jorz and A. P. G. Steffes for Respondents.

EDMONDS, J.—Raymond and Beatrice Delzell, husband and wife, sued to recover damages for personal injuries assertedly sustained by her and also upon related claims arising out of an automobile accident. A jury found against them but awarded their minor daughter Norma, who was also a party plaintiff, $750 damages for her injuries. In the appeal from the judgments entered upon these verdicts, it is charged that the trial judge committed prejudicial misconduct. The award in favor of Norma is said to be inadequate and the verdict against her parents is challenged as being without substantial evidentiary support.

The accident occurred when the automobile owned by Mr. Delzell and driven by his wife was struck by a truck which was following it. The automobile was thrown against a tree, injuring Mrs. Delzell and Norma. Virgil E. Ackles and Russell C. Wendell were the owners of the truck; admittedly it was being driven by Patrick J. Day in the scope of his employment.

The principal ground for reversal of the judgments is the claim that the trial judge constantly interfered with the conduct of the trial by comments upon the statements of law and the evidence presented by the Delzells. The respondents contend that because the jury found in favor of the Delzells upon the issue of Day's negligence (implicit in the verdict in favor of Norma Delzell), the instances of alleged misconduct were not prejudicial as they related only to the question of liability. Reliance is also placed upon the rule that ". . . unless the harmful result of the alleged misconduct of the trial judge cannot be obviated by appropriate instructions of the trial court, error cannot be predicated in this court on such alleged

misconduct in the absence of (a) assignment of such misconduct as error, and (b) a request to the trial court to instruct the jury to disregard it." (*Church* v. *Payne*, 36 Cal.App.2d 382, 400 [97 P.2d 819].)

Neither of the respondents' contentions is sound. ■ The record does not support the statement that the asserted misconduct relates only to the question of liability. As to the argument that counsel for the Delzells failed to take exception to the remarks of the trial judge, several of the statements complained of concerned erroneous rulings or misstatements in commenting upon or summarizing the evidence. Section 647 of the Code of Civil Procedure specifies that exception is deemed to be taken to such matters. Furthermore, the record shows that the appellants' counsel, upon several occasions, excepted to the judge's comments and presented the appellants' position as far as he was permitted to do so.

■ Although a request for an instruction, in addition to an assignment of error, generally is necessary as the basis for an appeal upon the ground of misconduct of counsel, there is no such requirement where it is charged that the appellant's rights were prejudiced by the improper action of the trial judge. In *Berguin* v. *Pacific Elec. Ry. Co.*, 203 Cal. 116, 121-122 [263 P. 220], this court said: "There is no merit in the suggestion that an exception by counsel to these remarks of the court cannot avail appellant because she did not go further and request the court to instruct the jury to disregard the court's own utterances . . . But the reasons for this rule [in cases involving remarks by opposing counsel] are entirely absent when applied to the acts and conduct of the court himself. A second appeal of this character to the court would in all probability have made a bad matter worse. The remarks would probably have been repeated with emphasis and in addition counsel would have found himself in a position anything but pleasant or secure."

■ The appellants point to numerous comments or remarks by the trial judge made during the examination of jurors or witnesses which they charge constitute judicial misconduct. Taken separately, they do not justify a reversal of the judgments. However, considering the entire record, it cannot reasonably be said that their cumulative effect did not prejudice the appellants' case. The situation is one in which the judgment against Mr. and Mrs. Delzell should be reversed and a new trial ordered because in the absence of the comments complained of, a different verdict would not have been

improbable. (Cal. Const., art. VI, § 4½; *People* v. *Hamilton*, 33 Cal.2d 45, 51 [198 P.2d 873]; *People* v. *Putnam*, 20 Cal.2d 885, 892 [129 P.2d 367].)

■ The same order is required as to the judgment in favor of Norma Delzell. Her cause of action is closely related to that of her parents. Although the jury awarded Norma damages for her injuries, the amount of the verdict suggests that the jury, to some extent at least, was influenced by the remarks of the trial judge.

These conclusions make it unnecessary to consider the other points presented by the appellants.

The judgments are reversed.

Gibson, C. J., Carter, J., Traynor, J., and Schauer, J., concurred.