THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* OTILIO SERRANO OLIVO, Defendant and Appellant.

No. CR-65-26.     Decided October 21, 1966.

Santos P. Amadeo for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Appellant Otilio Serrano Ortiz was convicted by a jury of a violation of the modality provided in the second paragraph of § 260 of the Penal Code, 33 L.P.R.A. § 966,[1] and sentenced to serve an indeterminate sentence of three to six years in the penitentiary. The trial court granted him the benefits of a suspended sentence.

1. Upon requesting the reversal of said sentence he adduces that the trial court erred in failing to give instructions to the jury on the necessity of weighing with caution the testimony of the aggrieved girl. He relies on well-established cases which construe § 288 of the Penal Code of California, West, Annotated California Codes, Penal Code, p. 183, phrased in a language similar to that of our § 260, *supra.*[2]

---

[1] "Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child. . . ."

[2] In *People* v. *Arce Valentín,* 88 P.R.R. 842 (1963), we pointed out the difference in the language of both provisions, resulting from the

At the outset, the instruction to the effect that a charge of lewd and lascivious acts is easily made and, on the other hand, difficult to disprove, for which reason the testimony of the prosecutrix must be examined with caution, was refused by the courts in California, on the ground that this was not an instruction upon a matter of law required to be presented by the court to the jury, *People* v. *Harrison*, 112 Pac. 733 (1910); *People* v. *Anthony*, 196 Pac. 47, 50 (1912); *People* v. *Knight*, 218 Pac. 79 (1923); *People* v. *Agullana*, 40 P.2d 848 (1935); *cf. People* v. *Barnett*, 278 Pac. 885 (1929). In 1938 the court begins to depart from the stated rule. In *People* v. *Garrett*, 81 P.2d 241, citing *People* v. *Vaughn*, 21 P.2d 438 (1933) it is maintained, in synthesis, that where there is corroborative evidence of the prosecutrix's testimony it is not prejudicial error for the court to refuse to give a cautionary instruction, but that it is necessary where particular circumstances, like those herein,[3] justify it for the purpose of attaining complete justice. Ultimately in *People* v. *Lucas*, 105 P.2d 102 (1940) they disapprove of the language used in *People* v. *Anthony*, *supra* which is classified as "unfortunate", and from the opinion rendered in *People* v. *Adams*, 93 P.2d 146 (1939) it is cited: "There is no class of prosecution attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance." It does not suffice, however, to inform the jury that a minor's testimony in the sex cases should be examined with caution, for it tends to convey the impression that for undisclosed rea-

---

amendment introduced to § 288 of California in 1937. For the purpose of deciding the case at bar such difference is unimportant.

[3] The facts on which the prosecution was based had occurred during the daytime, in a bedroom of a house occupied by other persons, with its doors open. In the morning session the prosecutrix denied the facts and it was in the afternoon session that she incriminated defendant. She also admitted that she had been coached by her parents as to the manner and content of her testimony.

sons the trial judge distrusts the testimony of the particular witness; it is necessary that the jury be specifically informed that these charges are easily made and place the defendant in a peculiarly vulnerable position, usually with no defense except his own denial of the asserted misconduct, *People* v. *Putnam*, 129 P.2d 367 (1924).[4] At page 370 it was said: "The rule permitting a conviction on the uncorroborated testimony of the prosecuting witness is necessary to protect the public but it needs a counterweight to protect the accused . . . . the very secrecy that precludes corroboration also precludes effective denial. The ordinary reaction to an accusation of a sex offense usually committed in secret is that the offense has been committed, and a necessary safeguard against injustice is a warning to view such accusations cautiously." Since then the rule on the necessity to give the instruction has been uniformly followed. *People* v. *Elliot*, 322 P.2d 1029 (1958) ; *People* v. *Lyons*, 303 P.2d 329 (1956) ; *People* v. *Norton*, 297 P.2d 439 (1956) ; *People* v. *Buchel*, 296 P.2d 113 (1956) ; *People* v. *Trolinder*, 264 P.2d 601 (1954) ; *People* v. *Ernst*, 263 P.2d 114 (1953) ; *People* v. *Clark*, 255 P.2d 79 (1953) ; *People* v. *McCracken*, 246 P.2d 913 (1952) ; *People* v. *Norred*, 243 P.2d 126 (1952) ; *People* v. *Todd*, 205 P.2d 453 (1949) ; *People* v. *Westek*, 190 P.2d 9 (1948) ; *People* v. *Ahsbahs*, 175 P.2d 33 (1946). See, 30 Cal. Jur.2d, *Lewdness, Indecency and Obscenity*, § 44; Note, *Lewd and Lascivious Conduct with a Child: Need for Corroboration*, 41 Calif. L. Rev. 744 (1953) and 48 Calif. L. Rev. 648, 673–676 (1960).

■   The grounds stated to justify the rule we have discussed having been considered the reasonings adduced to

---

[4] On pages 368–369 of the opinion a review is made of the different jurisdictions where the rule has been applied. See also Annotation, *Duty of court in criminal prosecution for sexual offense to give cautionary instruction to effect that such a charge is easily made and difficult to disprove*, 130 A.L.R. 1489 (1941).

request the instruction that the prosecutrix's testimony be weighed with caution are persuasive.[5] Now then, the failure to give said instruction does not constitute reversible error in all cases. It depends on the concurring circumstances, *People v. Taylor*, 199 P.2d 751 (1948). Thus, where the prosecutrix's testimony has been corroborated by direct or circumstantial evidence, *People v. Taylor, supra; People v. Roberts*, 123 P.2d 628 (1942), or where, in the opinion of the appellate court, the verdict would not have been different because the evidence is convincing, is not sharply conflicting, and is not inherently improbable, *People v. Rankins*, 153 P.2d 399 (1944); *People v. Trumbo*, 141 P.2d 225 (1943); *People v. Putnam, supra; People v. Lucas, supra*, failure to give the instruction does not constitute prejudicial error.

An examination of the record of this case suffices to show that the minor's testimony was not only corroborated as to certain points by the evidence for the prosecution, but also by the testimony of appellant himself. Furthermore, we do not believe the result would have been different had the jury been instructed as indicated.

■ 2. Appellant argues that the jury was not instructed as to the offense of aggravated assault and battery. The evidence does not justify it. *People v. Arce Valentín, supra.*

The errors assigned not having been committed, the judgment rendered by the Superior Court, Bayamón Part, on July 30, 1964, will be affirmed.

---

[5] The usual manner to give the instruction is as follows: "The corroboration of the prosecutrix's testimony by other evidence is not imperative, provided that from the evidence as a whole you are convinced of defendant's guilt beyond a reasonable doubt. However, a charge like the one charged against defendant is generally, easily made, and once made, difficult to disprove even where defendant is not guilty. Due to the nature of the crime usually the only witnesses are the prosecutrix and the defendant. Therefore, I instruct you to examine with caution the prosecutrix's testimony; but the fact that the charge is easy to make and difficult to disprove should not deter you from a verdict of guilt if you are convinced, beyond a reasonable doubt, that defendant is guilty."