EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO RAMOS, acusado y apelante. EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO PIMENTEL, acusado y apelante.

Nos. 4500 y 4504.—*Sometidos:* Junio 11, 1931. *Resueltos:* Junio 25, 1931.

R. A. *Arroyo Ríos,* abogado de los acusados; R. A. *Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En estos dos casos está envuelta la misma cuestión a

resolver, y, en tal virtud, serán estudiados en una misma opinión. En ambos el fiscal del distrito formuló acusación imputando a los acusados la comisión del delito previsto y castigado en el segundo párrafo del artículo 260 del Código Penal, en los siguientes términos:

"El referido . . . ilegal, voluntaria y maliciosamente cometió actos de impudicia y lascivia con el cuerpo y partes pudendas de la niña menor de catorce años de edad . . ., con la intención de incitar y satisfacer su impudicia, pasiones y deseos sexuales."

Los acusados excepcionaron las acusaciones por no aducir hechos suficientes para imputarles la comisión de un delito público. Las excepciones se desestimaron y celebrado el juicio fueron los acusados declarados culpables y condenados. No conformes, apelaron, suscitando en esta Corte Suprema la misma cuestión que en la corte de distrito. Estudiado el caso, el fiscal de esta Corte Suprema, en un razonado alegato, solicitó la revocación de las sentencias recurridas.

El artículo 260 del Código Penal, en lo pertinente, dice:

"Art. 260.— *   *   *   *   *   *

"Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos previstos en el Código Penal, con un niño menor de catorce años de edad, o con el cuerpo de dicho niño o cualquiera parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones 'o deseos sexuales de dicha persona o de dicho niño, será culpable de delito grave (*felony*) y recluído en la penitenciaría por un período que no excederá de cinco años."

El artículo 288 del Código Penal de California es igual al segundo párrafo del 260 del nuestro que es el que aquí tiene aplicación, y resolviendo la misma cuestión aquí levantada en el caso de *El Pueblo* v. *Grinnell*, 98 Pac. Rep. 681, la Corte Suprema del estado, se expresó así:

"El acusado fué convicto por una acusación que le imputaba el delito definido en el artículo 288 del Código Penal. El apela de la sentencia y de una orden negándole su moción de nuevo juicio.

"En el juicio el acusado objetó a la introducción de evidencia por el fundamento 'de que los hechos alegados en la acusación no constituían delito público, objeción que fué declarada sin lugar. La sección 288 lee así: 'Toda persona que voluntaria y lujuriosamente cometiere cualquier acto lujurioso o lascivo fuera de los que constituyeren otros delitos previstos en la segunda parte de este código sobre o con el cuerpo o cualquier parte o miembro del mismo, de un niño menor de catorce años con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o dicho niño, será culpable de delito grave, (felony), y recluído en la penitenciaría por un período no menor de un año.' La alegación de la acusación es que el acusado 'voluntaria y lujoriosamente cometió un acto lujurioso y lascivo sobre y con el cuerpo de un niño menor de catorce años . . . con la intención etc. . .'

‘‘ * ❊ ❊ ❊ ❊ ❊ ❊

"La sección 15 del Código Penal define un delito público como 'un acto cometido u omitido en violación de la ley que lo prohibe u ordena que se lleve a cabo . . .' La acusación se propone imputar al acusado el delito específico previsto en el artículo 288, pero no intenta siquiera expresar los actos específicos que el acusado ha debido cometer a fin de justificar su convicción. Ni tampoco describe el delito sustancialmente en el lenguaje del estatuto puesto que deja de expresar que el acto cometido no era uno de los que constituyen algún otro delito previsto en la segunda parte del Código Penal. Son solamente los actos lascivos y lujuriosos distintos a los que están ya castigados por otros artículos del código los que constituyen delito de acuerdo con dicha sección. Los actos a que se refiere la excepción expresada por las palabras 'fuera de los que constituyeren otros delitos previstos en la segunda parte de este Código', son una descripción del delito y sirven para definir el mismo. Por tanto, la acusación para alegar el delito debe, a menos que dicho delito no aparezca de actos específicos que se aleguen, negar cualquier conclusión de que los actos que se imputan al acusado son los comprendidos en la excepción. La cuestión es si la excepción está tan incorporada a y se ha convertido de tal modo en parte de la ley que llega a constituir parte de la definición o descripción del delito; porque es indiferente que la excepción esté contenida en la propia acusación que define el delito o introducida en ella en cualquier otra forma. Es la naturaleza de la excepción y no el sitio

en que esté colocada lo que determina la cuestión. Tampoco depende la cuestión de ninguna distinción o diferencia entre las palabras 'disponiéndose' o 'exceptuándose', según puedan aparecer en el estatuto. En cualquier caso la única cuestión a investigar es si la materia contenida en el disponiéndose o en la excepción está de tal modo incorporada al estatuto que llega a ser una parte del mismo. ·

"El acusado tiene derecho al beneficio de cualquier inferencia que razonablemente pueda deducirse de los hechos que se le imputan consistente con su inocencia. La acusación ni por haber descrito específicamente los actos que se imputan al acusado ni por haber descrito el delito sustancialmente en el lenguaje del estatuto imputa realmente al acusado la comisión de ningún acto lascivo o lujurioso de los que se describen en el estatuto a los fines de constituir el delito, y por tales razones dicha acusación es insuficiente para alegar un delito público.

"La sentencia debe ser revocada."

No es necesario seguir adelante con más citas. La cuestión es clara. Como sostiene el fiscal en su alegato, el delito que prevé y castiga el segundo párrafo del artículo 260 del Código Penal debe imputarse así:

"1º. Redactando la acusación en el propio lenguaje del estatuto incluyendo las frases 'fuera de los que constituyeren otros delitos previstos en el Código Penal'; 2º. Expresando que los hechos que se atribuyen al acusado no están penados por otros artículos del Código Penal; y 3º. Alegándose específicamente los actos impúdicos o lascivos imputados al acusado, 'de tal manera que por la propia alegación de ellos aparezca claramente que dichos actos no están comprendidos y castigados por otros artículos del Código Penal."

Ninguna de las formas fué seguida en estos casos y en tal virtud hay que concluir que las acusaciones son fatalmente defectuosas.

*Deben revocarse las sentencias apeladas y declararse con lugar las excepciones previas formuladas por los acusados.*