EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL LUIS ARCE VALENTÍN, acusado y apelante.

*Número:* CR-62-400     *Resuelto:* 28 de junio de 1963

860

*Víctor Velasco Gordils*, abogado del apelante; *J. B. Fernández Badillo, Procurador General, y Héctor R. Orlandi, Procurador General Auxiliar*, abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El fiscal formuló acusación contra el apelante Angel Luis Arce Valentín por infracción al Art. 260 del Código Penal, 33 L.P.R.A. sec. 966, ([1]) consistente en que "cometió un acto impúdico y lascivo, que allí y entonces únicamente constituía una infracción al artículo 260 del Código Penal de Puerto Rico y ningún otro delito, con el niño menor de 13 años de edad nombrado V . . C . . G . . con la intención de despertar, incitar y satisfacer la impudicia, pasiones y deseos sexuales del propio acusado y de dicho niño . . . consistiendo dicho acto impúdico y lascivo en agarrar el acusado con su mano el pene de dicho niño . . ." Celebrado el proceso correspondiente el juez que presidía le encontró culpable de

---

([1]) El segundo párrafo del Art. 260 dispone que: "Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos provistos en el Código Penal, con un niño menor de catorce años de edad, o con el cuerpo de dicho niño o cualquier parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o de dicho niño, será culpable de delito grave . . ."

acometimiento y agresión grave al no poder establecerse claramente la edad del niño perjudicado a la fecha de la comisión de los hechos. *Pueblo v. Rodríguez*, 47 D.P.R. 89 (1934); 30 Cal. Jur.2d, *Lewdness, Indecency, and Obscenity*, sec. 11.

■ 1—Sostiene el apelante que el tribunal de instancia erró al declararle culpable de acometimiento y agresión grave, un delito que no está incluido en la infracción a que se refiere el Art. 260. Se apoya en *Pueblo v. Ramos*, 42 D.P.R. 496 (1931), en el cual al examinar la suficiencia de una acusación por este último delito, resolvimos que era preciso alegar que los hechos imputados al acusado no están penados por otros artículos del Código Penal. Sin embargo, este lenguaje no debe interpretarse como que ningún otro delito está comprendido en el provisto en la sección indicada, sino más bien que los hechos que constituyen la conducta impúdica o lasciva no están cubiertos por otras disposiciones del mismo cuerpo legal que penalizan actos de esta naturaleza, como son la violación y la sodomía.([2]) Como podrá advertirse, la acusación presentada cumple con el requisito sobre alegaciones a que nos referimos en *Ramos*.

Según indicamos precedentemente la exoneración del delito grave previsto por el Art. 260 obedeció simplemente al hecho de que no se probó cumplidamente la edad del menor. Fue únicamente este elemento del delito el que impidió se le castigara bajo sus disposiciones. No obstante, están presentes todos los elementos necesarios para constituir un acometimiento y agresión, grave por tratarse de un varón adulto en relación con un menor, y de que se estableció que el acusado le "apretó" el miembro al niño. En *Pueblo v. Lugo*, 69 D.P.R. 41 (1948), sostuvimos una convicción por acometimiento y

---

([2]) En California se enmendó en 1937 el Art. 288 del Código Penal que corresponde al 260 del nuestro y la frase "fuera de los que constituyeren otros delitos previstos en el Código Penal" se sustituyó por "incluyendo cualquier otro acto que constituya otro delito previsto en la parte primera de este código." West, *Annotated California Codes, Penal Code*, pág. 183; 30 Cal. Jur.2d, *Lewdness, Indecency, and Obscenity*, sec. 14

agresión grave dentro de un proceso de ataque para cometer violación al demostrar la prueba que el acusado había besado y tocado los muslos de la ofendida sin su consentimiento. Véase, en relación con el problema de convicción por delitos menores incluidos en la acusación, 31 So. Cal. L. Rev. 93 (1957) ; 45 Calif. L. Rev. 534 (1957) ; 56 Colum. L. Rev. 888 (1956).

2—3—Los otros dos errores señalados carecen de méritos. El tribunal no estaba obligado a referir el caso al oficial probatorio correspondiente, consideradas las disposiciones del Art. 1 de la Ley de Sentencias Suspendidas, 34 L.P.R.A. sec. 1027, y su propia afirmación de que se trata de un "caso típico y clásico de deformación moral." El récord tampoco revela irregularidad alguna en la renuncia del acusado de su derecho a juicio por jurado.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 4 de octubre de 1960.*