EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* OTILIO SERRANO OLIVO, acusado y apelante.

*Número:* CR-65-26      *Resuelto:* 21 de octubre de 1966

*Santos P. Amadeo,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El apelante Otilio Serrano Olivo fue convicto por un jurado de una infracción a la modalidad prevista en el segundo párrafo del Art. 260 del Código Penal, 33 L.P.R.A. sec. 966, (¹) y sentenciado a una pena indeterminada de tres a seis años de presidio. El tribunal sentenciador le concedió los beneficios de una sentencia suspendida.

1. Para solicitar la revocación de dicha sentencia aduce que el tribunal a quo incidió al no transmitir instrucciones al jurado sobre la necesidad de pesar con cautela la declaración de la niña perjudicada. Apóyase en reiteradas decisiones que interpretan el Art. 288 del Código Penal de California, West, *Annotated California Codes, Penal Code*, pág. 183, de similar redacción a nuestro Art. 260, *supra*. (²)

En sus comienzos, la instrucción al efecto de que una imputación de lascivia e impudicia se hace fácilmente y que por otro lado es difícil desvirtuarla, por lo cual debe mirarse con cautela el testimonio de la parte perjudicada, era negada por los tribunales de California, por el fundamento de que no se trataba de una cuestión de derecho sobre la cual correspondía al juez instruir al jurado, *People* v. *Harrison*, 112 Pac. 733 (1910) ; *People* v. *Anthony*, 196 Pac. 47, 50 (1921) ; *People* v. *Knight*, 218 Pac. 79 (1923) ; *People* v. *Agullana*, 40 P.2d 848 (1935) ; cf. *People* v. *Barnett*, 278 Pac. 885 (1929). En 1938 comienza el tribunal a apartarse de la norma expuesta. En *People* v. *Garrett*, 81 P.2d 241, citando a *People* v. *Vaughn*, 21 P.2d 438 (1933), se sostiene, en síntesis, que no constituye error el negar la instrucción que

(¹) "Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos previstos en el Código Penal, con un niño menor de catorce años de edad, o con el cuerpo de dicho niño o cualquiera parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o de dicho niño. . . ."

(²) En *Pueblo* v. *Arce Valentín*, 88 D.P.R. 859 (1963), señalamos la diferencia de redacción entre ambas disposiciones, con motivo de la enmienda introducida en 1937 al Art. 288 de California. La diferencia no tiene importancia a los fines de resolver el presente caso.

discutimos cuando existe evidencia corroborativa del testimonio de la parte perjudicada, pero que es necesaria cuando ciertas circunstancias, como las que allí concurrían,[3] lo justificaban para lograr una cumplida justicia. Definitivamente, en *People* v. *Lucas*, 105 P.2d 102 (1940), se desaprueba el lenguaje usado en *People* v. *Anthony*, supra, que se califica de "desafortunado", y se repite de la opinión emitida en *People* v. *Adams*, 93 P.2d 146 (1939): "No existe ningún proceso que esté rodeado de más peligros o que ofrezca una oportunidad más amplia para el cultivo de la maldad y la venganza". No basta, sin embargo, con advertir al jurado que el testimonio de un menor en estos casos de delitos sexuales debe mirarse con cautela, pues tiende a dejar la impresión de que el magistrado duda de la veracidad del testigo por razones inexplicadas; es necesario que se instruya específicamente sobre la facilidad con que se hacen estas imputaciones y la posición vulnerable en que se coloca al acusado, quien usualmente tiene que limitarse a negarlas dependiendo para ello de su único testimonio, *People* v. *Putnam*, 129 P.2d 367 (1942)[4]. Se dijo, a la pág. 370: "La regla que autoriza una convicción a base del testimonio de un solo testigo, sin necesidad de ulterior corroboración, es necesaria para la protección del interés del Estado pero requiere un contrapeso para proteger al acusado . . . . el mismo hecho sobre la comisión en secreto de estos delitos que dificulta la corroboración también impide una negación

---

[3] Los hechos por los cuales se procesaba habían ocurrido durante el día, en una habitación en una casa habitada por otras personas, que tenía las puertas abiertas. Durante la sesión de la mañana la perjudicada negó los hechos y fue durante la sesión de la tarde que incriminó al acusado. Admitió además que había sido instruida por sus padres respecto a la forma de declarar y sobre el contenido de su testimonio.

[4] A las págs. 368–369 de la opinión se hace recuento de la aplicación de la regla en distintas jurisdicciones. Véase además, Anotación, *Duty of court in criminal prosecution for sexual offense to give cautionary instruction to effect that such a charge is easily made and difficult to disprove*, 130 A.L.R. 1489 (1941).

efectiva. La reacción corriente frente a una acusación por un delito sexual cometido en secreto es que los hechos han tenido lugar, y la protección necesaria para evitar una injusticia es una admonición sobre la cautela en que deben tomarse tales acusaciones." Desde entonces, la norma sobre la necesidad de transmitir la instrucción ha sido seguida uniformemente. *People* v. *Elliot*, 322 P.2d 1029 (1958); *People* v. *Lyons*, 303 P.2d 329 (1956); *People* v. *Norton*, 297 P.2d 439 (1956); *People* v. *Buchel*, 296 P.2d 113 (1956); *People* v. *Trolinder*, 264 P.2d 601 (1954); *People* v. *Ernst*, 263 P.2d 114 (1953); *People* v. *Clark*, 255 P.2d 79 (1953); *People* v. *McCracken*, 246 P.2d 913 (1952); *People* v. *Norred*, 243 P.2d 126 (1952); *People* v. *Todd*, 205 P.2d 453 (1949); *People* v. *Westek*, 190 P.2d 9 (1948); *People* v. *Ahsbahs*, 175 P.2d 33 (1946). Véanse, 30 Cal. Jur.2d, *Lewdness, Indecency and Obscenity*, sec. 44; Nota, *Lewd and Lascivious Conduct with a Child: Need for Corroboration*, 41 Calif. L. Rev. 744 (1953 ) y 48 Calif. L. Rev. 648, 673–676 (1960).

■ Considerados los fundamentos expuestos para justificar la regla que discutimos, nos persuaden los razonamientos aducidos para requerir la instrucción sobre la cautela con que debe pesarse el testimonio de la parte perjudicada. (5) Ahora bien, la omisión de transmitir la referida instrucción no constituye en todos los casos un error que dé margen a la revocación. Ello depende de todas las circunstancias con-

---

(5) La forma usual de dar la instrucción es como sigue:

"No es esencial que el testimonio de la perjudicada sea corroborado por otra evidencia, siempre que del conjunto de la prueba ustedes estén convencidos fuera de duda razonable de la culpabilidad del acusado. Sin embargo, una imputación como la que se le ha hecho al acusado es una que, en términos generales, se hace con facilidad, y una vez hecha, es difícil de desmentir aun siendo inocente el acusado. Por la naturaleza del delito, usualmente los únicos testigos son la parte perjudicada y el acusado. Por tanto, les instruyo para que examinen con cautela el testimonio de la parte perjudicada; pero el hecho de que la imputación es fácil de hacer y difícil de desmentir no debe obstar para un veredicto de culpabilidad si ustedes están convencidos, fuera de duda razonable, que el acusado es culpable."

currentes, *People* v. *Taylor*, 199 P.2d 751 (1948). Así, cuando el testimonio de la parte perjudicada ha sido corroborado por prueba directa o circunstancial, *People* v. *Taylor*, supra; *People* v. *Roberts*, 123 P.2d 628 (1942), o cuando, en la apreciación del tribunal de apelación, el resultado no hubiese sido distinto debido a que la prueba es convincente, está huérfana de contradicciones sustanciales y no es inherentemente improbable, *People* v. *Raukins*, 153 P.2d 399 (1944); *People* v. *Trumbo*, 141 P.2d 225 (1943); *People* v. *Putnam*, supra; *People* v. *Lucas*, supra, no constituye error perjudicial el no transmitir la instrucción.

En el presente caso un examen del récord nos deja satisfechos de que el testimonio de la menor no sólo fue corroborado en algunos extremos por la prueba de cargo, sino por la declaración del propio apelante. Además, no creemos que el resultado hubiese sido distinto de haberse instruido al jurado en la forma indicada.

■ 2. Se queja el apelante de que no se le dieron instrucciones al jurado sobre el delito de acometimiento y agresión grave. La prueba no lo justificaba. *Pueblo* v. *Arce Valentín*, supra.

*No habiéndose cometido los errores señalados, se confirmará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 30 de julio de 1964.*